# Agreement Implementing the
# Relief for Workers Affected by Coronavirus Act

## AGREEMENT BETWEEN

## THE STATE OF TEXAS

## AND

## THE SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR

The Secretary of Labor, U.S. Department of Labor, and the State of Texas, in order to carry out the provisions of the Relief for Workers Affected by Coronavirus Act (Public Law 116-136), hereinafter referred to as the "Act," hereby agree as follows:

   I.   The Texas State Workforce Agency, hereinafter referred to as the "Agency," will make payments of benefits in accordance with the provisions of the Act identified in paragraph XIV, and any future amendments thereto (which are incorporated herein by reference), and will cooperate with the U.S. Department of Labor (Department of Labor), and with other state agencies in making such payments.

   II.   The Agency and other state officials concerned will perform all of the functions and duties undertaken pursuant to the provisions of the Act identified in paragraph XIV in accordance with the terms of this Agreement, and all guidance or operating instructions issued by the Department of Labor.

   III.   This Agreement will immediately terminate with respect to any of the provisions of the Act identified in paragraph XIV and no further benefits will be payable under such provision or provisions of the Act identified in paragraph XIV, upon the Department of Labor's determination that the state did not comply with all of the requirements of such provision or provisions of the Act identified in paragraph XIV, or any applicable guidance or operating instructions issued by the Department of Labor.

   IV.   The Agency will maintain such records pertaining to the administration of each provision of the Act identified in paragraph XIV as the Department of Labor requires, and will make all such records available for inspection, examination, and audit by such federal officials or employees as the Department of Labor may designate or as may be required by law.

V. The Agency will furnish to the Department of Labor such information and reports as the Department of Labor determines are necessary or appropriate for carrying out the purposes of the provisions of the Act identified in paragraph XIV

VI. Payments to States.

    A. The Agency will be paid from time to time, in advance, the amount of the estimated cost of the benefits to be paid or reimbursed the amount of benefits already paid by the Agency under this Agreement regarding the provisions of the Act identified in paragraph XIV. This amount may be reduced or increased by any amount which the Secretary of Labor finds that the prior estimate for any calendar month was greater or less than the amount which should have been paid to the State. Such estimates may be made upon the basis of such statistical, sampling, or other method as may be agreed upon by the Department of Labor and the Agency.

    B. The Agency also will be paid, from funds appropriated for such purpose, the amounts the Department of Labor determines to be necessary in the state for the proper and efficient administration of the provisions of the Act identified in paragraph XIV under this Agreement.

VII. The Agency will use all money paid to the state pursuant to this agreement for the payment of benefits, and related administrative costs, for the purpose for which the money was paid to the state, and will return to the United States Treasury, upon request of the Department of Labor, any such money (a) if the Department of Labor finds that the money is not needed for such purpose or that the money has been used for a purpose other than that for which it was paid, or (b) on termination of this Agreement. The "Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards at 2 CFR Part 200 apply to funds distributed under this Agreement. Additionally, the Notice of Award issued will include other terms and conditions that may be applicable to these grants.

VIII. Consistent with the requirements of the provisions identified in paragraph XIV, and the related addenda, the Agency will take such action as reasonably may be necessary to recover for the account of the United States all benefit amounts erroneously paid and restore any lost or misapplied funds paid to the state for benefits or the administration of this Agreement.

IX. To the extent that agencies of the state obtain bonds to protect funds of the state, the Agency will obtain bonds to protect funds made available to it for the payment of benefits and the costs of administration of this Agreement. The pro rata cost of such bonds shall be considered a necessary cost of the administration. If under state law the

state acts as a self-insurer of state funds and does not obtain bonds to protect them, the Agency shall so inform the Department of Labor in writing and in such case the state will act as a self-insurer with respect to funds which are paid to the state under this Agreement.

X. The Agency will apply the methods of administration required by section 303(a)(l) of the Social Security Act (42 U.S.C. 503(a)(l)) to the functions undertaken pursuant to this Agreement.

XI. This Agreement with respect to any of the provisions identified in paragraph XIV may be terminated by either party on thirty days' written notice. If the Agreement is terminated with respect to any of the provisions identified in paragraph XIV of this Agreement, the Agency will process and pay benefits for all weeks of unemployment which end prior to the date of termination for which such payments are due.

XII. A state may enter into a subsequent Agreement with respect to any additional provisions identified in paragraph XIV that were not included in a prior Agreement.

XIII. This Agreement shall be effective when both parties have signed it.

XIV. This Agreement applies to the provisions in the Act that the State agrees to implement by checking the box below. By checking the box, the State agrees to participate in the provision's program and abide by the requirements in the statute, operating instructions and guidance, and program-specific addendum attached to this Agreement:

- ✓ Pandemic Unemployment Assistance (Section 2102), Addendum No. 1
- ✓ Emergency Unemployment Relief For Governmental Entities And Nonprofit Organizations (Section 2103)
- ✓ Emergency Increase in Unemployment Compensation Benefits - Federal Pandemic Unemployment Compensation (Section 2104), Addendum No. 2
- ✓ Temporary Full Federal Funding Of The First Week Of Compensable Regular Unemployment For States With No Waiting Week (Section 2105), Addendum No. 3
- ✓ Pandemic Emergency Unemployment Compensation (Section 2107), Addendum No. 4

                                        _____

                                        John P. Pallasch              Date

                                        Assistant Secretary for Employment and Training

                                        U.S. Department of Labor

**By** _____

          **(State Signatory)**              **Date**

_____

          **(Title)**

**DATE:** _____

**For the State of:** _____

---

**CERTIFICATION OF AUTHORITY**

**NAME:** _____

**TITLE:** _____

I hereby certify that the above-named person has the authority under the Constitution and laws of this state to sign this Agreement on behalf of the state.

              _____

                                   Signature

              _____

                                   Title

              _____

              Date

## Addendum No. 1
### Pandemic Unemployment Assistance

The state of Texas agrees to follow the requirements of section 2102 of the Relief for Workers Affected by Coronavirus Act, including the following:

I. For purposes of administering Pandemic Unemployment Assistance, except where contrary to the statute or operating instructions or guidance, the state will administer the program in accordance with the Disaster Unemployment Assistance regulations at 20 CFR Part 625, including follow the provisions for fraud and overpayments.

II. Pandemic Unemployment Assistance is payable for weeks of unemployment beginning on January 27, 2020.

**Addendum No. 2**
**Emergency Increase in Unemployment Compensation Benefits –**
**Federal Pandemic Unemployment Compensation**

The state of Texas agrees to follow the requirements of section 2104 of the Relief for Workers Affected by Coronavirus Act, including the following:

I. Federal Pandemic Unemployment Compensation – The state agrees to make payments of regular compensation to individuals in amounts and to the extent that they would be determined if the state law were applied, with respect to any week for which the individual is otherwise entitled under the state law to receive regular compensation, as if such state law had been modified in a manner such that the amount of regular compensation (including dependents' allowances) payable for any week is equal to the amount determined under state law plus an additional amount of $600.

II. Allowable Methods of Payment – Any Federal Pandemic Unemployment Compensation shall be payable either—as an amount which is paid at the same time and in the same manner as any regular compensation otherwise payable for the week involved; or made separately from, but on the same weekly basis as, any regular compensation otherwise payable.

III. Non-reduction Rule – The state will not modify its state law, regulations, or policies in a manner such that the number of weeks (the maximum benefit entitlement), or the average weekly benefit amount, of regular compensation which will be payable during the period of the agreement (determined disregarding any Federal Pandemic Unemployment Compensation) will be less than the number of weeks, or the average weekly benefit amount, of the average weekly benefit amount of regular compensation which would otherwise have been payable during such period under the state law, as in effect on January 1, 2020.

   a. For purposes of this provision, maximum benefit entitlement means the amount of regular unemployment compensation payable to an individual with respect to the individual's benefit year.

IV. Fraud and Overpayments – If an individual knowingly has made, or caused to be made by another, a false statement or representation of a material fact, or knowingly has failed, or caused another to fail, to disclose a material fact, and as a result of such false statement or representation or of such nondisclosure such individual has received an amount of Federal Pandemic Unemployment Compensation to which such individual was not entitled, such individual—

   a. Shall be ineligible for further Federal Pandemic Unemployment Compensation in accordance with the provisions of the applicable state unemployment compensation law relating to fraud in connection with a claim for unemployment compensation; and

      b. Shall be subject to prosecution under section 1001 of title 18, United States Code.

V. Repayment – In the case of individuals who have received amounts of Federal Pandemic Unemployment Compensation to which they were not entitled, the state shall require such individuals to repay the amounts of such Federal Pandemic Unemployment Compensation to the state agency, except that the state agency may waive such repayment if it determines that –

      a. The payment of such Federal Pandemic Unemployment Compensation was without fault on the part of any such individual; and

      b. Such repayment would be contrary to equity and good conscience.

VI. Recovery by State Agency – The state agency shall recover the amount to be repaid, or any part thereof, by deductions from any Federal Pandemic Unemployment Compensation payable to such individual or from any unemployment compensation payable to such individual under any state or Federal unemployment compensation law administered by the state agency or under any other state or Federal law administered by the state agency which provides for the payment of any assistance or allowance with respect to any week of unemployment, during the 3-year period after the date such individuals received the payment of the Federal Pandemic Unemployment Compensation to which they were not entitled, in accordance with the same procedures as apply to the recovery of overpayments of regular unemployment benefits paid by the state.

VII. Opportunity for Hearing – No repayment shall be required, and no deduction shall be made, until a determination has been made, notice thereof and an opportunity for a fair hearing has been given to the individual, and the determination has become final.

VIII. Review – Any determination by a state agency under this addendum shall be subject to review in the same manner and to the same extent as determinations under the state unemployment compensation law, and only in that manner and to that extent.

## Addendum No. 3
## Temporary Full Federal Funding of the First Week of Compensable Regular Unemployment for States with No Waiting Week

The state of Texas agrees to follow the requirements of section 2105 of the Relief for Workers Affected by Coronavirus Act, including the following:

I. Fraud and Overpayments – If an individual knowingly has made, or caused to be made by another, a false statement or representation of a material fact, or knowingly has failed, or caused another to fail, to disclose a material fact, and as a result of such false statement or representation or of such nondisclosure such individual has received payment for the waiting week to which such individual was not entitled, such individual shall be subject to prosecution under section 1001 of title 18, United States Code.

II. Repayment –In the case of individuals who have received payment for the waiting week to which they were not entitled, the state shall require such individuals to repay the waiting week payment to the state agency, except that the state agency may waive such repayment if it determines that –
   a. The payment of such waiting week amounts was without fault on the part of any such individual; and
   b. Such repayment would be contrary to equity and good conscience.

III. Recovery by State Agency – The state agency shall recover the amount to be repaid, or any part thereof, by deductions from any unemployment compensation payable to such individual under any state or Federal unemployment compensation law administered by the state agency or under any other state or Federal law administered by the state agency which provides for the payment of any assistance or allowance with respect to any week of unemployment, during the 3-year period after the date such individuals received the payment of the waiting week to which they were not entitled, in accordance with the same procedures as apply to the recovery of overpayments of regular unemployment benefits paid by the state.

IV. Opportunity for Hearing – No repayment shall be required, and no deduction shall be made, until a determination has been made, notice thereof and an opportunity for a fair hearing has been given to the individual, and the determination has become final.

V. Review – Any determination by a state agency under this addendum shall be subject to review in the same manner and to the same extent as determinations under the state unemployment compensation law, and only in that manner and to that extent.

**Addendum No. 4**
**Pandemic Emergency Unemployment Compensation**

The state of Texas agrees to follow the requirements of section 2107 of the Relief for Workers Affected by Coronavirus Act, including the following:

I. The state will make payments of Pandemic Emergency Unemployment Compensation to individuals who –

   a. Have exhausted all rights to regular compensation under the state law or under Federal law with respect to a benefit year (excluding any benefit year that ended before July 1, 2019);

   b. Have no rights to regular compensation with respect to a week under such law or any other state unemployment compensation law or to compensation under any other Federal law;

   c. Are not receiving compensation with respect to such week under the unemployment compensation law of Canada; and

   d. Are able to work, available to work, and actively seeking work.

II. For purposes of I.a., an individual has exhausted all rights to regular compensation under a state law when –

   a. No payments of regular compensation can be made under such law because such individual has received all regular compensation available to such individual based on employment or wages during such individual's base period; or

   b. Such individual's rights to such compensation have been terminated by reason of the expiration of the benefit year with respect to which such rights existed.

III. For purposes of section I.d., the term actively seeking work means that an individual –

   a. Is registered for employment services in such a manner and to such extent as prescribed by the state agency;

   b. Has engaged in an active search for employment that is appropriate in light of the employment available in the labor market, the individual's skills and capabilities, and includes a number of employer contacts that is consistent with the standards communicated to the individual by the state;

   c. Has maintained a record of such work search, including employers contacted, method of contact, and date contacted; and

   d. When requested, has provided such work search record to the state agency.

IV. Flexibility – The state will provide flexibility in meeting the requirement in III. if an individual is unable to search for work because of COVID-19, including because of illness, quarantine, or movement restriction.

V. Non-reduction Rule – The state will not modify its state law, regulations, or policies in a manner such that the number of weeks (the maximum benefit entitlement), or the average weekly benefit amount, of regular compensation which will be payable during the period of the agreement will be less than the number of weeks, or the average weekly benefit amount, of the average weekly benefit amount of regular compensation which would otherwise have been payable during such period under the state law, as in effect on January 1, 2020.

   a. For purposes of this provision, maximum benefit entitlement means the amount of regular unemployment compensation payable to an individual with respect to the individual's benefit year.

VI. Fraud and Overpayments – If an individual knowingly has made, or caused to be made by another, a false statement or representation of a material fact, or knowingly has failed, or caused another to fail, to disclose a material fact, and as a result of such false statement or representation or of such nondisclosure such individual has received an amount of Pandemic Emergency Unemployment Compensation to which such individual was not entitled, such individual—

   a. Shall be ineligible for further Pandemic Emergency Unemployment Compensation in accordance with the provisions of the applicable state unemployment compensation law relating to fraud in connection with a claim for unemployment compensation; and

   b. Shall be subject to prosecution under section 1001 of title 18, United States Code.

VII. Repayment –In the case of individuals who have received amounts of Pandemic Emergency Unemployment Compensation to which they were not entitled, the state shall require such individuals to repay the amounts of Pandemic Emergency Unemployment Compensation to the state agency, except that the state agency may waive such repayment if it determines that –

   a. The payment of such Pandemic Emergency Unemployment Compensation was without fault on the part of any such individual; and

   b. Such repayment would be contrary to equity and good conscience.

VIII. Recovery by State Agency – The state agency shall recover the amount to be repaid, or any part thereof, by deductions from any Pandemic Emergency Unemployment Compensation payable to such individual or from any unemployment compensation payable to such individual under any state or Federal unemployment compensation law administered by the state agency or under any other state or Federal law administered by the state agency which provides for the payment of any assistance or allowance with

|      |      |
| ---- | ---- |
|      | respect to any week of unemployment, during the 3-year period after the date such individuals received the payment of the Federal Pandemic Unemployment Compensation to which they were not entitled, in accordance with the same procedures as apply to the recovery of overpayments of regular unemployment benefits paid by the state. |
| IX.  | Opportunity for Hearing – No repayment shall be required, and no deduction shall be made, until a determination has been made, notice thereof and an opportunity for a fair hearing has been given to the individual, and the determination has become final. |
| X.   | Review – Any determination by a state agency under this addendum shall be subject to review in the same manner and to the same extent as determinations under the state unemployment compensation law, and only in that manner and to that extent. |