IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | § § § § § | |
| *Plaintiffs*, | § | Civil Action No. 1:22-cv-00417 |
| | § | |
| v. | § | |
| | § | |
| Texas Workforce Commission and Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity | § § § § § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' ANSWER

Defendants Texas Workforce Commission ("TWC"), and Ed Serna, Executive Director of the Texas Workforce Commission file this Answer to Plaintiffs' Complaint filed in this cause and answer as follows:

## I.
## ANSWER

1.      Defendants admit Plaintiffs accurately quote *California Dep't of Human Resources Development v. Java* and admit the purpose of unemployment benefits is to provide economic stability to newly unemployed workers and their families but lack sufficient information regarding whether such workers would have "nothing to spend" at a time when unemployed, and thus deny this allegation.

2.      Defendants admit the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendants deny the allegations in Paragraph 3 of Plaintiffs' Complaint.

4.    Defendants deny the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.    Defendants deny the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.    Defendants deny the allegations in Paragraph 6 of Plaintiffs Complaint.

7.    Defendants deny the allegations in Paragraph 7 of Plaintiffs' Complaint.

8.    Defendants admit Plaintiffs are seeking relief based on allegations of procedural due process violations, but deny they have not been afforded due process. Defendants admit Plaintiffs are seeking declarations that the TWC has violated unemployment claimants' rights under the Social Security Act and U.S. Constitution, but deny that such violations have occurred.

9.    Defendants admit the Court's jurisdiction as stated in 28 §§ U.S.C. 1331 and 1343(a), but deny the Court has subject-matter jurisdiction over Plaintiffs' claims against the TWC, Plaintiffs' request for monetary relief, and claims asserted by Plaintiff Texas Association for the Rights of the Unemployed ("TARU").

10.   Defendants admit that venue is proper.

11.   Defendants admit that 28 U.S.C. §§ 2201 and 2202 provide for declaratory relief, but deny that Plaintiffs are entitled to such relief.

12.   Defendants lack sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiffs' Complaint, and on that basis deny.

13.   Defendants lack sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiffs' Complaint, and on that basis deny.

14.   Defendants admit the allegations in Paragraph 14 of Plaintiffs' Complaint.

15.   Defendants admit the allegations in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants admit the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants admit the Social Security Act contains federal requirements for state unemployment compensation laws. Defendants admit the Department of Labor provides federal funding to state unemployment agencies and oversees state administration of these programs. Defendants admit the DOL has the authority to promulgate regulations related to unemployment compensation. Defendants deny the remaining allegations in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants admit the Social Security Act contains federal requirements for state unemployment compensation laws. Defendants deny the remaining allegations in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants admit the DOL works regularly with state unemployment agencies by reviewing unemployment program data and providing administrative guidance. Defendants admit the DOL has promulgated regulations related to unemployment compensation. Defendants admit that: 1) state unemployment compensation laws are approved and certified upon findings regarding the inclusion of specified provisions in State laws as provided by section 303(a) of the Social Security Act and 2) grants of funds are made to States for administration of their employment security laws if their unemployment compensation laws and their plans of operation for public employment offices meet required conditions of Federal law. See 20 C.F.R. § 601.1(a), (c). Defendants deny the remaining allegations in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants admit the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants admit that under the Texas Unemployment Compensation Act ("TUCA") and the Texas Workforce Commission's ("TWC") regulations, unemployed Texans may apply for and may receive unemployment benefits. Defendants deny that claimants who meet the eligibility criteria set forth in the TUCA are entitled to receive unemployment benefits so long as they continue to remain eligible, because eligibility is not the only factor dictating whether one is entitled to receive unemployment benefits. See e.g. Tex. Lab. Code Ann. §§ 207.044, .045.

22. Section 301.063(b)(2) of the Texas Labor Code does not explicitly require reports from the TWC executive director to the DOL be "regular." Section 301.063(b)(3) of the Texas Labor Code only requires the TWC executive director comply with regulations "prescribed by the secretary governing the expenditures of funds allotted and paid to the state under Title III of the Social Security Act (42 U.S.C. Section 501 et seq.) to assist in the administration of this title [Title 4 of the Texas Labor Code]." Defendants deny Plaintiffs' allegations that section 301.063(b) imposes any obligations beyond those explicitly stated. Defendants admit the remaining allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants admit that receipt of federal funding is contingent upon compliance with federal regulations in 20 C.F.R. §§ 602.21(a), 30(a), App'x A. Defendants deny the remaining allegations in Paragraph 25 of Plaintiffs' Complaint.

26.   Defendants admit that receipt of federal funding is contingent upon compliance with federal regulations in 20 C.F.R. Part 602 App'x A at 6011(B). Defendants deny the remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

27.   Defendants admit that receipt of federal funding is contingent upon compliance with federal regulations in 20 C.F.R. Part 602 App'x A at 6013(A)(1). Defendants deny the remaining allegations in Paragraph 27 of Plaintiffs' Complaint.

28.   Defendants admit the TWC must issue a legal determination regarding a claimant's eligibility for benefits under chapter 212 of the Texas Labor Code.

29.   Defendants admit that receipt of federal funding is contingent upon compliance with certain federal requirements in the Social Security Act and regulations promulgated under the Social Security Act. Defendants admit that the TWC's unemployment determinations must comport with the TUCA and certain regulations promulgated under the TUCA. Defendants deny the remaining allegations in Paragraph 29 of Plaintiffs' Complaint.

30.   Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31.   Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint. Eligibility is not the only issue affecting entitlement to unemployment benefits.

32.   Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint. The TWC has the discretion to determine eligibility for unemployment benefits under state law.

33. Defendants admit the TWC must follow state law and that federal funding is contingent upon compliance with certain requirements of federal law. Defendants deny the remaining allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants admit Plaintiffs accurately quote section 212.053 of the Texas Labor Code in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants admit Plaintiffs accurately quote section 212.053 of the Texas Labor Code in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants admit Plaintiffs accurately quote section 212.053 of the Texas Labor Code in Paragraph 36 and section 212.054(a) of the Texas Labor Code in footnote 2 of Plaintiffs' Complaint.

37. Defendants admit the quotations of law and allegations in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint. Defendants deny that Plaintiffs accurately quote 20 C.F.R. § 650.4(b). Under 20 C.F.R. § 650.4(b),

> A State will be deemed to comply substantially with the State law requirements set forth in [20 C.F.R.] § 650.3(a) with respect to first level appeals, the State has issued at least 60 percent of all first level benefit appeal decisions within 30 days of the date of appeal, and at least 80 percent of all first level benefit appeal decisions within 45 days. These computations will be derived from the State's regular reports required pursuant to the Unemployment Compensation Manual, part III, sections 4400-4450.

40. Defendants admit the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants admit the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants admit the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants admit that absent a determination of ineligibility during a continued claim series, there is a presumption of continued eligibility and benefit payments must be issued timely. Defendants deny the remaining allegations in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants admit the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants admit the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants admit the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants admit the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants admit the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants admit the allegations in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants admit the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants admit the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants admit the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny the allegations in Paragraph 56 of Plaintiffs' Complaint. The TWC has the discretion to determine whether claimants have satisfied all requirements to receive unemployment benefits.

57. Defendants admit that receipt of federal funding is contingent upon compliance with certain federal requirements in the Social Security Act and regulations

promulgated under the Social Security Act. Defendants admit that the TWC's unemployment determinations must comport with the TUCA and certain regulations promulgated under the TUCA. Defendants deny the remaining allegations in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants admit the allegations in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiffs' Complaint.

60.     Defendants admit the allegations in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendants admit the allegations in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendants admit the allegations in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendants admit the allegations in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny the allegations in Paragraph 64 of Plaintiffs' Complaint.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiffs' Complaint.

66.     Defendants admit the allegations in Paragraph 66 of Plaintiffs' Complaint.

67.     Defendants deny Plaintiffs accurately represent the initiative referenced in Exhibit B of Plaintiffs' Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiffs' Complaint.

69.     Defendants deny the allegations in Paragraph 69 of Plaintiffs' Complaint.

70.     Defendants admit that it maintains automated systems to detect potential fraud. Defendants deny the remaining allegations in Paragraph 70 of Plaintiffs' Complaint.

71.     Defendants deny the allegations in Paragraph 71 of Plaintiffs' Complaint.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiffs' Complaint.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the allegations in Paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny the allegations in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations in Paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny that Plaintiffs accurately quote 15 U.S.C. § 9021(f)(1).

78. Defendants admit the allegations in Paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny the allegations in Paragraph 79 of Plaintiffs' Complaint.

80. Defendants deny the allegations in Paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny the allegations in Paragraph 81 of Plaintiffs' Complaint.

82. Defendants deny the allegations in Paragraph 82 of Plaintiffs' Complaint.

83. Defendants admit Plaintiffs accurately quote section 212.053 of the Texas Labor Code.

84. Defendants admit Plaintiffs accurately state section 212.053 of the Texas Labor Code.

85. Defendants deny the allegations in Paragraph 85 of Plaintiffs' Complaint.

86. Defendants admit the DOL has issued regulations interpreting the promptness requirement of Section 303(a)(1) of the Social Security Act to require payment of UC to eligible claimants, and the making of determinations, "with the greatest promptness that is administratively feasible," but denies the remaining allegations in Paragraph 86 of Plaintiffs' Complaint.

87. Defendants deny the allegations in Paragraph 87 of Plaintiffs' Complaint.

88. Defendants deny the allegations in Paragraph 88 of Plaintiffs' Complaint.

89. Defendants deny the allegations in Paragraph 89 of Plaintiffs' Complaint.

90.     Defendants admit it has issued notices of overpaid unemployment benefits, but deny the remaining allegations in Paragraph 90 of Plaintiffs' Complaint.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiffs' Complaint.

92.     Defendants deny the allegations in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendants admit that unemployment benefits guaranteed by state law are constitutionally protected property interests. Defendants deny any remaining allegations in Paragraph 93 of Plaintiffs' Complaint.

94.     Defendants admit the TWC provides the DOL with data used to determine whether it meets the guidelines in 20 C.F.R. § 650.4. Defendants deny the remaining allegations in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendants deny TWC's appeal system was inadequate before the pandemic. Defendants admit the remaining allegations in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 96 of Plaintiffs' Complaint and thus deny.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiffs' Complaint.

98.     Defendants deny the allegations in Paragraph 98 of Plaintiffs' Complaint.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiffs' Complaint.

100.    Defendants admit the allegations in Paragraph 100 of Plaintiffs' Complaint.

101.    Defendants admit the allegations in Paragraph 101 of Plaintiffs' Complaint.

102.    Defendants admit the allegations in Paragraph 102 of Plaintiffs' Complaint.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiffs' Complaint.

104. Defendants deny the allegations in Paragraph 104 of Plaintiffs' Complaint.

105. Defendants deny the allegations in Paragraph 105 of Plaintiffs' Complaint.

106. Defendants admit the allegations in Paragraph 106 of Plaintiffs' Complaint.

107. Defendants admit the allegations in Paragraph 107 of Plaintiffs' Complaint.

108. Defendants admit the allegations in Paragraph 107 of Plaintiffs' Complaint.

109. Defendants deny the allegations in Paragraph 109 of Plaintiffs' Complaint.

110. Defendants deny the allegations in Paragraph 110 of Plaintiffs' Complaint.

111. Defendants deny the allegations in Paragraph 111 of Plaintiffs' Complaint.

112. Defendants deny the allegations in Paragraph 112 of Plaintiffs' Complaint.

113. Defendants deny the allegations in Paragraph 113 of Plaintiffs' Complaint.

114. Defendants admit the DOL has promulgated standards for the information that state unemployment agencies provide to claimants in claim notices. Defendants deny the remaining allegations in Paragraph 114 of Plaintiffs' Complaint.

115. Defendants admit the allegations in Paragraph 115 of Plaintiffs' Complaint.

116. Defendants admit the allegations in Paragraph 116 of Plaintiffs' Complaint.

117. Defendants admit the allegations in Paragraph 117 of Plaintiffs' Complaint.

118. Defendants deny the allegations in Paragraph 118 of Plaintiffs' Complaint.

119. Defendants deny the allegations in Paragraph 119 of Plaintiffs' Complaint.

120. Defendants deny the allegations in Paragraph 120 of Plaintiffs' Complaint.

121. Defendants lack sufficient information at this time to admit or deny and thus denies the allegations in Paragraph 121 of Plaintiffs' Complaint.

122.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 122 of Plaintiffs' Complaint.

123.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 123 of Plaintiffs' Complaint.

124.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 124 of Plaintiffs' Complaint.

125.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 125 of Plaintiffs' Complaint.

126.    Defendants deny the allegations in Paragraph 126 of Plaintiffs' Complaint.

127.    Defendants deny the allegations in Paragraph 127 of Plaintiffs' Complaint.

128.    Defendants deny the allegations in Paragraph 128 of Plaintiffs' Complaint.

129.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 129 of Plaintiffs' Complaint.

130.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 130 of Plaintiffs' Complaint.

131.    Defendants deny the allegations in Paragraph 131 of Plaintiffs' Complaint.

132.    Defendants deny the allegations in Paragraph 132 of Plaintiffs' Complaint.

133.    Defendants deny the allegations in Paragraph 133 of Plaintiffs' Complaint.

134.    Defendants deny the allegations in Paragraph 134 of Plaintiffs' Complaint.

135.    Defendants deny the allegations in Paragraph 135 of Plaintiffs' Complaint.

136.    Defendants deny the allegations in Paragraph 136 of Plaintiffs' Complaint.

137.    Section 207.021(a)(2) of the Texas Labor Code contains one of several eligibility requirements. Under section 207.021(a)(2), in order to be eligible for unemployment benefits, an individual must have made a claim for benefits under Section 208.001. Under section 208.001 of the Texas Labor Code, "[c]laims for benefits shall be made in accordance with rules adopted by the commission." Defendants deny the remaining allegations in Paragraph 137 of Plaintiffs' Complaint.

138.    Defendants deny the allegations in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 139 of Plaintiffs' Complaint.

140.    Defendants deny the allegations in Paragraph 140 of Plaintiffs' Complaint.

141.    Defendants deny the allegations in Paragraph 141 of Plaintiffs' Complaint.

142.    Defendants deny the allegations in Paragraph 142 of Plaintiffs' Complaint.

143.    Defendants lack sufficient information to admit or deny and thus deny the allegations in Paragraph 143 of Plaintiffs' Complaint.

144.    Defendants lack sufficient information to admit or deny and thus deny the allegations in Paragraph 144 of Plaintiffs' Complaint.

145.    Defendants lack sufficient information to admit or deny and thus deny the allegations in Paragraph 145 of Plaintiffs' Complaint.

146.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 146 of Plaintiffs' Complaint.

147.    Defendants deny the allegations in Paragraph 147 of Plaintiffs' Complaint.

148.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 148 of Plaintiffs' Complaint.

149.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 149 of Plaintiffs' Complaint.

150.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 150 of Plaintiffs' Complaint.

151.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 151 of Plaintiffs' Complaint.

152.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 152 of Plaintiffs' Complaint.

153.     Defendants deny the allegations in Paragraph 153 of Plaintiffs' Complaint.

154.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 154 of Plaintiffs' Complaint.

155.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 155 of Plaintiffs' Complaint.

156.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 156 of Plaintiffs' Complaint.

157.     Defendants deny the allegations in Paragraph 157 of Plaintiffs' Complaint.

158.     Defendants lack sufficient information to admit or deny and thus deny the allegations in Paragraph 158 of Plaintiffs' Complaint.

159.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 159 of Plaintiffs' Complaint.

160.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 160 of Plaintiffs' Complaint.

161.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 161 of Plaintiffs' Complaint.

162.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 162 of Plaintiffs' Complaint.

163.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 163 of Plaintiffs' Complaint.

164.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 164 of Plaintiffs' Complaint.

165.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 165 of Plaintiffs' Complaint.

166.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 166 of Plaintiffs' Complaint.

167.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 167 of Plaintiffs' Complaint.

168.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 168 of Plaintiffs' Complaint.

169.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 169 of Plaintiffs' Complaint.

170.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 170 of Plaintiffs' Complaint.

171.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 171 of Plaintiffs' Complaint.

172.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 172 of Plaintiffs' Complaint.

173.     Defendants deny the allegations in Paragraph 173 of Plaintiffs' Complaint.

174.     Defendants deny the allegations in Paragraph 174 of Plaintiffs' Complaint.

175.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 175 of Plaintiffs' Complaint.

176.     Defendants deny the allegations in Paragraph 176 of Plaintiffs' Complaint.

177.     Defendants deny the allegations in Paragraph 177 of Plaintiffs' Complaint.

178.     Defendants deny the allegations in Paragraph 178 of Plaintiffs' Complaint.

179.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 179 of Plaintiffs' Complaint.

180.     Defendants deny the allegations in Paragraph 180 of Plaintiffs' Complaint.

181.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 181 of Plaintiffs' Complaint.

182.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 182 of Plaintiffs' Complaint.

183.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 183 of Plaintiffs' Complaint.

184.     Defendants deny the allegations in Paragraph 184 of Plaintiffs' Complaint.

185.     Defendants deny the allegations in Paragraph 185 of Plaintiffs' Complaint.

186.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

187.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 187 of Plaintiffs' Complaint.

188.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 188 of Plaintiffs' Complaint.

189.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 189 of Plaintiffs' Complaint.

190.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 190 of Plaintiffs' Complaint.

191.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 191 of Plaintiffs' Complaint.

192.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 192 of Plaintiffs' Complaint.

193.     Defendants deny the allegations in Paragraph 193 of Plaintiffs' Complaint.

194.     Defendants deny the allegations in Paragraph 194 of Plaintiffs' Complaint.

195.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 195 of Plaintiffs' Complaint.

196.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 196 of Plaintiffs' Complaint.

197.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 197 of Plaintiffs' Complaint.

198.     Defendants deny the allegations in Paragraph 198 of Plaintiffs' Complaint.

199.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

200.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

201.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

202.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

203.     Defendants deny the allegations in Paragraph 203 of Plaintiffs' Complaint.

204.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

205.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

206.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

207.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

208.     Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

209.     Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

210.     Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

211.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

212.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

213.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

214.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

215.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

216.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

217.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

218.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

219.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

220.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

221.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

222.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

223.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

224. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

225. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

226. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

227. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

228. Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

229. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

230. Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

231. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

232. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

233. Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

234. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

235. Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

236.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

237.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

238.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

239.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

240.   Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

241.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

242.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

243.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

244.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

245.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

246.   Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

247.   Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

248.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

249.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

250.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

251.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

252.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

253.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

254.    Defendants lack sufficient information at this time to admit or deny and thus deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

255.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

256.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Complaint.

257.    Defendants admit that in Paragraph 257 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

258.    Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

259.    Defendants deny the allegations in Paragraph 259 of Plaintiffs' Complaint.

260.    Defendants deny the allegations in Paragraph 260 of Plaintiffs' Complaint.

261.    Defendants admit 42 U.S.C. § 1983 provides a cause of action for declaratory or equitable relief to remedy deprivations of rights, privileges, or immunities secured

by the Constitution and federal laws, but deny that Plaintiffs are entitled to any such relief.

262. Defendants admit that in Paragraph 262 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

263. Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

264. Defendants deny the allegations in Paragraph 264 of Plaintiffs' Complaint.

265. Defendants deny the allegations in Paragraph 265 of Plaintiffs' Complaint.

266. Defendants admit that in Paragraph 266 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

267. Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

268. Defendants deny the allegations in Paragraph 268 of Plaintiffs' Complaint.

269. Defendants deny the allegations in Paragraph 269 of Plaintiffs' Complaint.

270. Defendants admit that under 42 U.S.C. § 1983, this Court may remedy violations of federal rights under color of state law and issue declaratory and equitable relief necessary to prevent future violations, but deny that Plaintiffs are entitled to any such relief.

271.    Defendants admit that in Paragraph 271 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

272.    Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

273.    Defendants deny the allegations in Paragraph 273 of Plaintiffs' Complaint.

274.    Defendants deny the allegations in Paragraph 274 of Plaintiffs' Complaint.

275.    Defendants admit that in Paragraph 275 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

276.    Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

277.    Defendants deny the allegations in Paragraph 277 of Plaintiffs' Complaint.

278.    Defendants deny the allegations in Paragraph 278 of Plaintiffs' Complaint.

279.    Defendants admit that under 42 U.S.C. § 1983, this Court may remedy violations of federal rights under color of state law and issue declaratory and equitable relief necessary to prevent future violations, but deny that Plaintiffs are entitled to any such relief.

280.    Defendants admit that in Paragraph 280 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

281.     Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

282.     Defendants deny the allegations in Paragraph 282 of Plaintiffs' Complaint.

283.     Defendants deny the allegations in Paragraph 283 of Plaintiffs' Complaint.

284.     Defendants admit that in Paragraph 284 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

285.     Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

286.     Defendants deny the allegations in Paragraph 286 of Plaintiffs' Complaint.

287.     Defendants deny the allegations in Paragraph 287 of Plaintiffs' Complaint.

288.     Defendants admit that under 42 U.S.C. § 1983, this Court may remedy violations of federal rights under color of state law and issue declaratory and equitable relief necessary to prevent future violations, but deny that Plaintiffs are entitled to any such relief.

289.     Defendants admit that in Paragraph 280 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

290.     Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

291.     Defendants deny the allegations in Paragraph 282 of Plaintiffs' Complaint.

292.     Defendants deny the allegations in Paragraph 283 of Plaintiffs' Complaint.

293.     Defendants admit that in Paragraph 293 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

294.     Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

295.     Defendants deny the allegations in Paragraph 295 of Plaintiffs' Complaint.

296.     Defendants deny the allegations in Paragraph 296 of Plaintiffs' Complaint.

297.     Defendants admit that under 42 U.S.C. § 1983, this Court may remedy violations of federal rights under color of state law and issue declaratory and equitable relief necessary to prevent future violations, but deny that Plaintiffs are entitled to any such relief.

298.     Defendants admit that in Paragraph 298 Plaintiffs allege and incorporate by reference each allegation in their Complaint, and in response incorporate by reference the admissions and denials contained in this Answer, respectively.

299.     Defendants admit they have acted and continue to act personally or through authorized agents and representatives.

300.     Defendants deny the allegations in Paragraph 300 of Plaintiffs' Complaint.

301.     Defendants deny the allegations in Paragraph 301 of Plaintiffs' Complaint.

302.     Defendants deny the allegations in Paragraph 302 of Plaintiffs' Complaint.

303.     Defendants admit that Plaintiffs are requesting the relief stated in Paragraph 303 of Plaintiffs' Complaint, but deny that Plaintiffs are entitled to such relief.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

304.     Defendants hereby invoke protections, rights and privileges afforded them under the doctrine of sovereign and governmental immunity under the Eleventh Amendment, rendering this Court without jurisdiction to hear Plaintiffs' claims.

305.     Defendant Ed Serna hereby invokes protections, rights, and privileges afforded under the doctrine of official and qualified immunity.

306.     Pleading further, if such be necessary and in the alternative, Defendants assert that there is no waiver of immunity applicable to this case for which it may be found liable to Plaintiffs.

307.     Pleading further, if such be necessary and in the alternative, Defendants assert that Plaintiffs lack standing with respect to the claims asserted herein.

308.     Pleading further, if such be necessary and in the alternative, Defendants assert that Plaintiffs' alleged injuries are not redressable by this Court.

309.     Pleading further, if such be necessary and in the alternative, Defendants assert that at all times relevant to this lawsuit, Defendants were lawfully performing governmental functions in accordance with federal law and within the scope of their discretion.

310.     Pleading further, if such be necessary and in the alternative, Defendants assert that Plaintiff has failed to state a cause of action upon which relief can be granted.

311.     Pleading further, if such be necessary and in the alternative, Defendants assert Plaintiffs' claims are barred under the exhaustion of administrative remedies doctrine.

312.    Pleading further, if such be necessary and in the alternative, Plaintiffs' claims are barred by collateral estoppel.

313.    Pleading further, if such be necessary and in the alternative, Plaintiffs' claims are barred by the doctrine of laches.

314.    Pleading further, if such be necessary and in the alternative, Plaintiffs' claims are barred by statutes of limitations.

315.    Defendants reserve the right to plead additional affirmative defenses as the factual bases therefor become known.

## III.
## CONCLUSION

Defendants Texas Workforce Commission and Ed Serna, Executive Director of the Texas Workforce Commission, request the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiffs' suit and all claims therein with prejudice, that costs be assessed against Plaintiff, and that the Court awards Defendants such other and further relief as it may deem just and proper.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

ALISON ANDREWS
Chief, Tax Litigation Division

*/s/ Kyle Pierce Counce*
KYLE PIERCE COUNCE
Assistant Attorney General
State Bar No. 24082862
kyle.counce@oag.texas.gov
Tax Litigation Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-3112
Facsimile No. (512) 478–4013

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I do hereby certify that on June 2, 2022, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Dave Mauch
Texas Rio Grande Legal Aid, Inc.
121 S. Main St
Suite 100
Victoria, TX 77901
361-237-1681
Fax: 361-576-1733
dmauch@trla.org

Douglas L. Stevick
Texas Rio Grande Legal Aid, Inc.
5439 Lindenwood Ave.
St. Louis, MO 63109
956-582-5557
Fax: 956-825-7035

dstevick@trla.org

Melissa Anne Jacobs
Texas Rio Grande Legal Aid, Inc.
4920 N IH 35
Austin, TX 78751
512-374-2789
Fax: 512-447-3940
mjacobs@trla.org

*s/ Kyle Pierce Counce*
KYLE PIERCE COUNCE
Assistant Attorney General