IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 1:22-cv-00417 |
| v. | § § § | |
| Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity | § § § § § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION TO DISMISS WITH BRIEF IN SUPPORT**

Defendant Ed Serna, Executive Director of the Texas Workforce Commission ("TWC"), files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and would respectfully show this Honorable Court the following:

**INTRODUCTION**

The Court should dismiss this case because 1) Plaintiffs lack standing—the alleged injuries are not fairly traceable to the actions alleged, but were rather self-inflicted due to the Plaintiffs' own failures to provide information requested by the TWC or complete federally-required identity verification[1] and 2) even if the Plaintiffs did have standing when this suit was filed, their claims are now moot because they have received all unemployment benefits they have sought in this suit. For these reasons, Serna asks the Court to dismiss this case for want of jurisdiction.

---

[1] And in the case of Plaintiff Jesus Duarte, he suffered no injury whatsoever. Exhibit 1 at ¶ 8.

## BACKGROUND FACTS

In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in response to the COVID-19 pandemic. Pub. L. No. 116-136, 134 Stat. 281, codified at 15 U.S.C. § 9021 (2020). Section 9021 of the CARES Act established a temporary Pandemic Unemployment Assistance ("PUA") program that provided benefits assistance ("PUA benefits") to individuals who lost work or were unable to work because of the pandemic. The PUA also expanded eligibility for unemployment benefits to workers who would not otherwise qualify. *See id*. at § 2102. Congress also passed the Continued Assistance Act and American Rescue Plan to provide extended pandemic benefits. First Am. Complaint (ECF No. 12) at ¶¶ 59–60. In Texas, the Texas Workforce Commission ("TWC") administered pandemic unemployment benefits programs authorized under these federal laws. Texas Workforce Commission, Pandemic Unemployment Assistance and $600 in Federal Pandemic Unemployment Compensation Available for Eligible Workers, https://www.twc.texas.gov/news/pandemic-unemployment-assistance-and-600-federal-pandemic-unemployment-compensation-available-eligible-workers. Texas withdrew from these programs in June 2021 and Texas residents are no longer able to receive pandemic benefits. First Am. Complaint (ECF No. 12) at ¶ 61.

The Plaintiffs in this case filed for and received unemployment benefits during the pandemic.[2] *See generally* First Am. Complaint (ECF No. 12). They filed suit against the Executive Director of the Texas Workforce Commission under section 42 U.S.C. § 1983 and the Social Security Act ("SSA") alleging that they incurred injuries due to a variety of alleged actions during the COVID-19 pandemic. *Id*. One Plaintiff, Jesus Duarte, had received all unemployment benefits

---

[2] For simplicity, this motion refers to Evelyn Carriere, the identified member of Plaintiff Texas Association for the Rights of the Unemployed ("TARU"), as a plaintiff.

to which he was entitled before this suit was commenced. Exhibit 1 at ¶ 8. The remaining Plaintiffs completed the tasks that were preventing them from receiving unemployment benefits or causing the TWC to suspect they had wrongfully obtained unemployment benefits prior to filing this suit and were awarded all unemployment benefits they were entitled to under the law. Exhibit 1 at ¶¶ 3–9. Since the commencement of this suit, Plaintiffs abandoned their administrative appeals and are no longer pursuing any additional unemployment benefits. Exhibit 1 at ¶¶ 3–9, 13.

## MOTION TO DISMISS

### I.   Standard of Review.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

## II. Plaintiffs lacked standing at the outset of this case because their alleged injuries are not fairly traceable to the actions challenged in this suit.

Article III of the Constitution requires a plaintiff to demonstrate "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing requires that there be a causal connection between the injury and the challenged conduct. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The injury cannot be "self-inflicted." *Ass'n of Cmty. Orgs. For Reform Now v. Fowler*, 178 F.3d 350, 358 (5th Cir. 1999).

### A. Plaintiffs cannot demonstrate a causal connection between their alleged injuries and Serna's alleged actions.

Plaintiffs alleged injuries are not traceable to anything done by Serna.[3] Contrary to the Complaint, the TWC did not audit Plaintiffs. Exhibit 1 at ¶¶ 3–10. Accordingly, the allegation that Plaintiffs did not have "notice or opportunity to respond" to such an audit is unfounded. *See* First Am. Complaint (ECF No. 12) at ¶¶ 256–61. In addition, because no such audits occurred, the TWC could not have reexamined Plaintiffs' benefit eligibility in such an audit or made "redeterminations of eligibility" in alleged violation of section 212.053–.054 of the Labor Code. *See* First Am. Complaint (ECF No. 12) at ¶¶ 262–67. The determinations complained about resulted from the Plaintiffs failures to provide the TWC with requested information or verify their identity. Exhibit 1 at ¶¶ 3–10; *see also* U.S. Department of Labor, Unemployment Insurance

---

[3] The Plaintiffs do not contend that overpayment determinations, benefits terminations, or waiver denials violate the law intrinsically. First Am. Complaint (ECF No. 12) at § V. The relevant question is whether the alleged injuries are fairly traceable to the challenged actions, which relate to specific complaints about notice and procedure and are alleged in conclusory fashion, often based simply on "information and belief" in Causes of Action 1–5. *Id*. Conclusory, boilerplate allegations are insufficient to confer standing. *Pennie v. Obama*, 255 F. Supp. 3d 648, 660 (N.D. Tex. 2017).

4

Program Letter No. 16-21 (April 13, 2021) *available at* https://wdr.doleta.gov/directives/attach/UIPL/UIPL_16-21_acc.pdf (discussing federal identity verification requirements); *see also* Texas Workforce Commission, Ongoing Eligibility Requirements for Receiving Unemployment Benefits, https://www.twc.texas.gov/jobseekers/ongoing-eligibility-requirements-receiving-unemployment-benefits (discussing information required to be regularly submitted to continue receiving benefits). Thus, Plaintiffs have not and are unable to allege facts describing a causal relationship between their allegations and their injuries. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975) (dismissing for lack of standing a suit that failed to allege facts supporting an actionable causal relationship between a town's zoning practices and the residents' alleged injury); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (requiring a causal link between the injury and actions complained about by the plaintiff). Accordingly, Plaintiffs have not met their burden of showing that their injuries were traceable to these alleged actions—and the Plaintiffs therefore lack standing to bring Causes of Action 1 and 2.

**B.  Plaintiffs cannot demonstrate a causal connection between their alleged injuries and the alleged hearing delay.**

Plaintiffs allege the TWC failed to provide a timely appeal and set their appeal for a hearing in a timely manner. *See* First Am. Complaint (ECF No. 12) at ¶¶ 268–73. But the Plaintiffs' complaints related to hearings are of no consequence. The Plaintiffs had failed to respond to the multiple TWC notices and requests to provide required information, verify their identities as required by law, or provide sufficient information necessary to establish good cause to backdate their claims for unemployment benefits.[4] Exhibit 1 at ¶¶ 3–9. Once they completed these tasks, the

---

[4] The Texas Association for the Rights of the Unemployed ("TARU") lacks standing because it has failed to demonstrate that its representative, Evelyn Carriere, has standing. *See United Food & Com. Workers Union Loc. 751 v.*

TWC was able to provide them the benefits they were entitled to under the law without a hearing. Exhibit 1 at ¶¶ 3–9. Had they done so before filing this suit, they would not have mistakenly believed they should administratively appeal the overpayment determinations or denials to resolve the issues with their claims for benefits. Exhibit 1 at ¶¶ 3–9.

For these reasons, Plaintiffs' alleged injuries are not fairly traceable to the alleged failure to provide Plaintiffs a timely appeal and set their appeal for a hearing in a timely manner. *See* First Am. Complaint (ECF No. 12) at ¶¶ 268–73. Rather, the injuries are traceable only to the Plaintiffs' actions themselves. Accordingly, Plaintiffs have not met their burden to prove standing to bring Cause of Action 3. *See Michael H. v. Gerald D.,* 491 U.S. 110, 127 n. 5 (1989) (plurality opinion) ("We cannot grasp the concept of a 'right to a hearing' on the part of a person who claims no substantive entitlement that the hearing will assertedly vindicate.").

      **C.**      **Plaintiffs cannot demonstrate a causal connection between their alleged injuries and the allegation related to waiver notices.**

Fourth, the Plaintiffs who complained about not receiving waivers all had not verified their identities. Exhibit 1 at ¶¶ 5, 8, 9. The alleged injuries—the overpayment determinations about which they complain—were a result of this failure. Exhibit 1 at ¶¶ 5, 8, 9. These purported injuries did not stem from any alleged failure on the part of the TWC to send notice that it had determined not to waive an overpayment.[5] *See* First Am. Complaint (ECF No. 12) at ¶¶ 274–79; Exhibit 1 at

---

*Brown Grp., Inc.*, 517 U.S. 544, 555 (1996) (holding that an organization suing as representative must include at least one member with standing to present, in his or her own right, the claim (or the type of claim) pleaded by the association).

[5] Moreover, under DOL guidelines, state unemployment agencies may not issue waivers to a suspected identity thief (one who has not verified their identity). U.S. Department of Labor, Unemployment Insurance Program Letter No. 20-21, Change 1 (February 7, 2022) *available at* https://www.dol.gov/agencies/eta/advisories/une mployment-insurance-program-letter-no-20-21-change-1.

¶¶ 5, 8, 9 (showing the TWC determined the Plaintiffs had not been paid in error once they had received once they verified their identities, thus obviating the need to decide whether to waive any overpayment (allow them to retain funds paid in error)). Thus, the Plaintiffs have not met their burden of demonstrating that any alleged lack of a waiver notice resulted in a denial, termination, or threatened recoupment of unemployment benefits. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496, (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing."). Accordingly, they lack standing to bring Cause of Action 4.

**D. Plaintiffs cannot demonstrate a causal connection between their alleged injuries and the notice language in TWC determinations.**

Lastly, likewise, the language in various determinations were not the cause of the alleged injuries in this case. *See* First Am. Complaint (ECF No. 12) at ¶¶ 280–85. The alleged injuries resulted from the Plaintiffs' failure to respond to *prior* notices seeking information or requesting that they verify their identities. Exhibit 1 at ¶¶ 3-9. The notices containing the language complained of in Plaintiffs' Cause of Action 5 were not sent until after the alleged injuries had already occurred. Indeed, those notices would not have even been sent if the Plaintiffs had completed the requisite tasks to ensure their receipt of unemployment benefits. Exhibit 1 at ¶¶ 3–9. For these reasons, the Plaintiffs have not met their burden to show that the language of these notices caused their alleged injuries, necessary for their standing to bring Cause of Action 5.

### III. Plaintiffs have lacked standing since the outset of this case because the relief requested would have no effect on their alleged injuries.

For essentially the same reasons just discussed, this case also lacks another required component of Article III jurisdiction—redressability. "[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself." *Dep't of Texas, Veterans of Foreign Wars of U.S. v. Texas Lottery Comm'n*, 760 F.3d 427, 432 (5th Cir. 2014). Plaintiffs cannot meet this third element of standing because they cannot demonstrate that any discrete injury would be redressed by a favorable decision.

First, a declaration that the actions described in Plaintiff's Complaint violate the law would not cure the alleged injuries, not just because they are moot as discussed below, but also because the alleged injuries did not result from the alleged conduct. *See supra* § 2. Similarly, an injunction ordering the TWC to cease the activities Plaintiffs allege the TWC engaged in would have no impact on the Plaintiffs' unemployment benefits. Plaintiffs cannot demonstrate the causal chain of events that would have to occur for any change in the practices alleged to possibly result in unemployment benefits.

Second, an injunction aimed at ensuring the Plaintiffs are "provided all unemployment benefits owed to them as required by law" could not redress the alleged injuries. Plaintiffs cannot demonstrate that the TWC failed to provide them unemployment benefits to which they were legally entitled.[6] At the time this suit was filed, the TWC had granted the Plaintiffs all the unemployment benefits to which they were legally entitled as of that date, given their failures to

---

[6] And even if Plaintiffs had been able to show an erroneous denial of benefits, they would have a proper remedy under the state administrative procedures of chapter 212 of the Labor Code.

provide requisite information or verify their identities. Exhibit 1 at ¶¶ 3–9. Once the Plaintiffs remedied these circumstances by responding to the TWC and curing these issues, the TWC distributed benefits and/or determined they had not been overpaid benefits.[7] Exhibit 1 at ¶¶ 3–9. Thus, the injunction requested by the Plaintiffs would have had no effect since the TWC was already providing all benefits the Plaintiffs had shown the TWC they were entitled to at the time of the suit, so the requested injunction would not have redressed the alleged injuries even at the outset of this case.

In short, none of the Plaintiffs can meet the second or third elements of standing: a) a causal connection between their alleged injuries and the actions challenged in this suit and b) injuries that would be redressed by a favorable ruling granting the specific relief they requested. Moreover, Duarte had received all the unemployment benefits to which he was entitled under law before the filing of this suit. Exhibit 1 at ¶ 8. He was notified of that fact before this lawsuit began. Exhibit 1 at ¶ 8. Accordingly, Duarte has had no injury throughout this litigation. Duarte therefore lacks standing under all three elements. *See Lujan*, 504 U.S. at 560 (requiring a concrete and particularized "injury in fact"). Thus, there is no Plaintiff with standing to bring the claims in this suit, and this Court should dismiss it for want of jurisdiction.

IV. **Plaintiffs' claims are moot because they have received all unemployment benefits sought in this suit.**

A federal court lacks constitutional jurisdiction over a case that has become moot. Under Article III, an actual case-or-controversy must exist throughout all stages of a case. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) ("A

---

[7] With the exception of Duarte, who suffered no injury. Exhibit 1 at ¶ 8.

case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co.*, 577 U.S. 153 at 160-61 (internal quotation marks omitted). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

Plaintiffs have received all unemployment benefits to which they are entitled under the law. Exhibit 1 at ¶¶ 3–9. Plaintiffs cannot demonstrate the contrary. In addition, Plaintiffs are no longer receiving unemployment compensation. Exhibit 1 at ¶ 13. Accordingly, there is no possible injunction or declaration that could conceivably impact the Plaintiffs. They lack any legal stake in the outcome of this case, and it should be therefore dismissed as moot.[8]

This Court should rule like the courts in three recent cases also concerning claims for pandemic benefits. *See Joyce v. Dejoie*, No. CV 20-3193, 2022 WL 59392 (E.D. La. Jan. 6, 2022); *D'Agostino v. Arizona Dep't of Econ. Sec.*, No. CV-21-01292-PHX-SPL, 2022 WL 3682003 (D. Ariz. Aug. 25, 2022); *Price v. Michigan Unemployment Ins. Agency*, No. 20-12756, 2021 WL 927523 (E.D. Mich. Mar. 11, 2021). In these similar cases, plaintiffs filed suit seeking pandemic unemployment benefits to which they were entitled under law. *See generally id*. Following the commencement of these suits, the defendant state agencies paid the plaintiffs the unemployment

---

[8] The claims brought by TARU are moot because it's member's claims are moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1205 (D.C. Cir. 2013); *see also Munsell v. Dep't of Agric.*, 509 F.3d 572, 584 (D.C. Cir. 2007) (holding that an association's claims on behalf of its members are moot if its members' individual claims become moot).

10

benefits they sought in their complaints and determined they were not liable for any overpayments. *Id*. All three courts dismissed the suits for mootness. *Id*.

Likewise, the TWC has paid the Plaintiffs the unemployment benefits they alleged they are owed. Exhibit 1 at ¶¶ 3-9. The TWC has also reversed any overpayment determination complained about in this case. Exhibit 1 at ¶¶ 3-9. Accordingly, Plaintiffs' alleged injuries have been satisfied and their claims are moot. *See Joyce*, 2022 WL 59392 at *8 ("…the Court only has jurisdiction to dismiss [this case]"); *see also In re Mill Indus., Inc.*, 606 F.2d 594, 595 (5th Cir. 1979) (holding the adequacy of a notice was moot because it had no relevance to the money at issue). No ruling in this case could grant the Plaintiffs more than they have already received, so they now lack the requisite personal stake required for this case to proceed.[9] For this reason also, Serna asks the Court to dismiss this case.

## CONCLUSION

Plaintiffs lack standing to pursue the claims in this suit. Even if Plaintiffs did have standing, their claims have been rendered moot. The relief requested in this suit would have no impact on the Plaintiffs. Therefore, there is no longer any case or controversy. For these reasons, Defendant respectfully requests that this Motion to Dismiss be granted and Plaintiffs' suit be dismissed in its

---

[9] The voluntary cessation doctrine, which the Court in *Joyce* considered but found unavailing, is not applicable whatsoever in this case and most likely should not have been found even moderately applicable in *Joyce*. 2022 WL 59392 at *5-*8 (considering the doctrine despite observing the case fell "outside the heartland" of the doctrine. This doctrine is only applicable when mootness results from a defendant voluntarily ceasing the practice challenged by the plaintiff. *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000). Here, the mootness did not result from the defendant voluntarily ceasing any practice challenged by the Plaintiffs. Exhibit 1 at ¶¶ 3-10. The Plaintiffs themselves took actions that rendered the case moot in two ways: 1) completing the legal requirements to obtain benefits and 2) terminating their administrative appeals. Exhibit 1 at ¶¶ 3-10. Under these circumstances, the doctrine does not apply. *See DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974) (finding the doctrine inapplicable though the law school had granted the law school credits sought by the plaintiff); *see also City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 282-83 (2001) (holding the doctrine inapplicable when a plaintiff seeking judicial review of an administrative license renewal denial withdrew its license application and ceased seeking to renew the license).

entirety.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        BRENT WEBSTER
        First Assistant Attorney General

        GRANT DORFMAN
        Deputy First Assistant
        Attorney General

        SHAWN E. COWLES
        Deputy Attorney General
        for Civil Litigation

        BRITTNEY JOHNSTON
        Chief, Tax Litigation Division

        *s/ Joseph D. Keeney*
        JOSEPH D. KEENEY
        Assistant Attorney General
        Tax Litigation Division
        State Bar No. 24092616
        P. O. Box 12548
        Austin, Texas 78711-2548
        512-463-8897
        512-478-4013 Fax
        joseph.keeney@oag.texas.gov

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that on February 16, 2023, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Dave Mauch
Texas Rio Grande Legal Aid
121 S. Main St
Suite 100
Victoria, TX 77901 6
361-237-1681
Fax: 361-576-1733
dmauch@trla.org

Douglas L. Stevick
Texas Rio Grande Legal Aid, Inc.
5439 Lindenwood Ave.
St. Louis, MO 63109
956-582-5557
Fax: 956-825-7035
dstevick@trla.org

Melissa Anne Jacobs
Texas Rio Grande Legal Aid, Inc
4920 N IH 35
Austin, TX 78751
512-374-2789
Fax: 512-447-3940
mjacobs@trla.org

Erin Sidonia Mitchell
Texas Rio Grande Legal Aid, Inc.
300 S. Texas Blvd
Weslaco, TX 78596
956-447-4800
956-825-7035
smitchell@trla.org

    *s/ Joseph D. Keeney*
    JOSEPH D. KEENEY
    Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 1:22-cv-00417 |
| v. | § § § | |
| Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity | § § § § § | |
| *Defendant*. | § § | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

Having reviewed and considered the papers submitted by the parties with respect to Defendant's Motion to Dismiss filed on February 16, 2023, under Rule 12(b)(1) ("Motion"), and finding good cause therefor, IT IS ORDERED THAT:

1. The Motion is GRANTED.

2. This case is DISMISSED WITH PREJUDICE AGAINST REFILING.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: _____

_____
**HON. DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE**