# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:22-cv-00417 |
| | § § § | |
| v. | § § | |
| Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity, | § § § § § | |
| Defendant. | § § | |

**Plaintiffs' Second Requests for Production to Defendant Ed Serna**

TO: Ed Serna, by and through his attorney of record, Joseph Keeney, P.O. Box 12548, Austin, Texas 78711-2548, by email to joseph.keeney@oag.texas.gov.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

1

**/s/ David Mauch**
David Mauch
Texas Bar No. 24086837
121 S. Main St., Ste. 100
Victoria, TX 77901
Phone: (361) 237-1681
Fax: (956) 591-8752
dmauch@trla.org

Douglas L. Stevick
Texas Bar No. 00797498
301 S. Texas Ave.
Mercedes, TX 78570
Phone: (956) 982-5557
Fax: (956) 591-8752
dstevick@trla.org

Melissa A. Jacobs
Texas Bar No. 24046144
4920 N. IH 35
Austin, TX 78751
Phone: (512) 374-2789
Fax: (956) 591-8752
mjacobs@trla.org

E. Sidonia Mitchell
Texas Bar No. 24125331
300 S. Texas Blvd.
Weslaco, TX 78596
Phone: (956) 447-4800
Fax: (956) 591-8752
smitchell@trla.org

## Certificate of Service

I hereby certify that on February 10, 2023, this document was served on Defendant via email as follows:

Joseph Keeney
joseph.Keeney@oag.texas.gov

*/s/ Dave Mauch*
Dave Mauch

**Definitions and Instructions**

1. For the purpose of these questions, "audit" means any action by TWC staff, after a claimant has initially been determined to be eligible, to investigate whether a claimant is eligible for benefits or whether a claimant is entitled to receive all and/or any portion of the benefits they have received. This does not include actions by TWC staff in response to appeals from claimants or employers.

2. For the following requests, please produce only documents and statistics from Jan. 1, 2020, to present. For requests which include policies or legal guidance, please produce documents which reflect TWC's policies or legal opinions/guidance from Jan. 1, 2020, to the present, regardless of when those documents were created.

3. Your responses must include ESI.  *See* Fed. R. Civ. P. 34.

    a. Responsive information contained in audio and video files must be produced in their native format.  If proprietary software is required to access those files, they must be produced in a file format that does not require proprietary software.
    b. Responsive information contained in emails must be produced in .pst or .eml format with all threading preserved.
    c. Responsive information contained in text messages must be produced in .pdf format or another text-searchable format.
    d. Responsive information contained in image files must be produced in native format with all relevant metadata, such as EXIF data.
    e. All other information must be produced in its native format, or, if native format is unavailable, in another reasonably accessible format in which it was normally accessed, edited, or maintained.  When so requested, such information must be produced in an exported data format and recorded on a CD-R (Compact Disc-Recordable), or shared with Plaintiff via Dropbox or some other electronic document sharing service.

4. Responsive ESI must be produced with all relevant metadata.  This includes:

    a. For all files created or accessed on a computer: originating path and filename, date created, date last modified, date last saved, authors, last saved by, and date last printed.
    b. For emails: all information contained in the email header, including sender, receiver, CCs and BCCs, time sent, time received, subject, and date.
    c. For text messages: sender, receiver, CCs and BCCs, time sent, time received, subject, and date.
    d. For images: EXIF data.

5. Production in paper hard copy, screenshot images, scanned copies of printed hard copies, and other formats that remove metadata are not acceptable.  If you contend that electronic production is unduly burdensome, please include an objection that specifies why electronic production is burdensome.

6. If you produce ESI in a non-electronic format, without the metadata specified above or any other metadata, or if you object to the production of ESI, you must nevertheless preserve this information as required by law.

### **Requests for Production**

29. All documents containing form language that TWC uses to populate fields in determinations and notices sent to unemployment claimants.

30. Any database which contains or which can be used to generate statistical data about unemployment claims, notices, overpayments, appeal timeliness, appeal outcomes, identity verification, and waiver determinations.

31. The following aggregate data, for each month from January 2021 to present, including those aggregate data for claimants who are Spanish-speaking, Limited English Proficiency, speakers of a language other than English or Spanish, or claimants determined to be most likely to exhaust benefits under RESEA:

    a. The total number of unemployment claimants who verified their identity using a means other than ID.me.
    b. The total number of unemployment claimants whom TWC requested verify their identity.
    c. The total number of claimants who were issued Determinations of Overpaid Unemployment Benefits on the basis that the claimant failed to verify their identity.
    d. The total number of claimants identified in query C who were issued a Notice of Intent to Offset for the Treasury Offset Program.
    e. The total number of claimants identified in query C who were issued a Determination of Waiver for any overpaid benefits.
    f. The overall total percentage of claimants who successfully verified their identity upon request by TWC.
    g. The total number of claimants to whom TWC issued notices requesting documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment.
    h. The total number of claimants identified in query G who were issued Determinations of Overpaid Unemployment Benefits on the basis that they did not submit documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment.
    i. The total number of claimants identified in query H who were issued a Determination of Waiver for any overpaid benefits.
    j. The total number of claimants identified in query H who were issued a Notice of Intent to Offset for the Treasury Offset Program.
    k. The total number of unemployment claimants with an initial claim date between March 1, 2020, and June 26, 2021 who were denied Unemployment Compensation and for whom TWC did not process a claim for PUA.
    l. The total amount of overpaid unemployment benefits for Unemployment Compensation

        for claimants identified in query K.
- m. The total amount of overpaid unemployment benefits for PEUC, FPUC, and EBs for claimants identified in query K.
- n. The percentage of first-level unemployment appeal decisions issued within 30 days of the date of the appeal, excluding appeals decisions with a date of appeal more than six months before the decision date.
- o. The percentage of first-level unemployment appeal decisions issued within 45 days of the date of the appeal, excluding appeals decisions with a date of appeal more than six months before the decision date.
- p. The total number of Determinations of Overpaid Unemployment Benefits issued by TWC, broken down by the cause of the overpayment.

32. The database schema for any database identified in response to Plaintiffs' Request for Production No. 30.

33. The database schema for any database used to generate statistical reports sought by Plaintiffs' Request for Production No. 31.

34. All forms ETA 902 (including CARES-related variants such as 902P and 902M) and forms ETA 227 submitted by TWC to USDOL.

35. All forms ETA 9054 and 9055 submitted by TWC to USDOL.

36. All spreadsheets containing the data reported by TWC to USDOL on forms ETA 9054 and 9055.

37. All documents substantiating your defense of the protections, rights, and privileges afforded you under the doctrine of sovereign and governmental immunity under the Eleventh Amendment. *See* Defs.' Answer to Pls.' Compl. ¶ 304.

38. All documents substantiating your defense of the protections, rights, and privileges afforded you under the doctrine of official and qualified immunity. *See* Defs.' Answer to Pls.' Compl. ¶ 305.

39. All documents substantiating your defense that you did not waive immunity applicable to this case. *See* Defs.' Answer to Pls.' Compl. ¶ 306.

40. All documents substantiating your defense that Plaintiffs lack standing. *See* Defs.' Answer to Pls.' Compl. ¶ 307.

41. All documents substantiating your defense of that Plaintiffs' alleged injuries are not redressable by this Court. *See* Defs.' Answer to Pls.' Compl. ¶ 308.

42. All documents substantiating your defense that, at all times relevant to this lawsuit, you were lawfully performing governmental functions in accordance with federal law and within the scope

        of your discretion. *See* Defs.' Answer to Pls.' Compl. ¶ 309.

43. All documents substantiating your defense that Plaintiffs have failed to state a claim. *See* Defs.' Answer to Pls.' Compl. ¶ 310.

44. All documents substantiating your defense that Plaintiffs claims are barred under the exhaustion of administrative remedies doctrine. *See* Defs.' Answer to Pls.' Compl. ¶ 311.

45. All documents substantiating your defense that Plaintiffs' claims are barred by collateral estoppel. *See* Defs.' Answer to Pls.' Compl. ¶ 312.

46. All documents substantiating your defense that Plaintiffs' claims are barred by laches. *See* Defs.' Answer to Pls.' Compl. ¶ 313.

47. All documents substantiating your defense that Plaintiffs' claims are barred by a statute of limitations. *See* Defs.' Answer to Pls.' Compl. ¶ 314.