# Exhibit 3



121 S. Main St., Ste. 100
Victoria, TX 77901
Phone: (361) 226-5542
Fax:  (956)-591-8752
www.trla.org

February 10, 2023

Joseph Keeney
Office of the Attorney General
**_Via email to_**:
Joseph.keeney@oag.texas.gov

Re: *TARU et al. v. Serna* – Discovery Conference Letter

Counsel:

I'm writing to conference with you on some outstanding discovery issues in this matter, as well as to discuss the attached written discovery.

1. **30(b)(6) deposition of TWC**

In addition to resolving the discovery issues below, I'm serving the attached notice of 30(b)(6) deposition for the TWC. I've noticed the deposition for March 20th. However, I imagine it may be necessary to designate a number of witnesses and to work with their schedules to find times that work for everyone. We are amenable to setting the deposition for a different date or to splitting it up for multiple dates if there are multiple designated witnesses.

Please also let me know when you are available for a conference regarding the list of topics, as required by Fed. R. Civ. P. 30(b)(6).

I'll also note that we intend to conduct the deposition(s) remotely via Zoom. I've attached to the deposition a standard protocol that we have used in the past to do remote depositions. If you have any opposition to the depositions being conducted remotely or to the protocol we've proposed, please let me know.

2. **Deficiencies in discovery responses**

    a. *RFP Nos. 9-12, 14, and 15, policies regarding claim audits for fraud*

RFP No. 10 seeks documents related to the drafting of a press release stating that TWC proactively audits claims for fraud and conducts "agency-initiated audit[s]" of claims. RFPs No. 9, 11, 12, 14, and 15 seek documents related to the underlying policies. No responsive documents were produced. Please produce responsive documents that were used to draft this press release, including emails related to the press release and materials which were used as references while drafting the press release.

    b. *RFPs No. 16-20, communications regarding appeal timeliness*



TWC produced no communications related to overall appellate caseloads and the agency's efforts to reduce appeal times. *See* Plaintiffs' RFPs 16-20. At the same time, TWC has represented that it has taken strides to reduce appellate caseloads and average appeal times, including holding regular meetings to discuss the issue. For example, an email produced by TWC from Sarah Anthony, on July 17, 2020, refers to "streamlining meetings" for appeals hearings. However, no notes from this meeting were produced, nor were any other emails. Nor has TWC has produced documents related to any other meetings or policy changes aimed at shortening appeal times. If TWC has made serious efforts to reduce appeal times, it is impossible that there are no communications available. Please produce information responsive to Plaintiffs' Requests for Production 16-20.

   c. *RFPs No. 21-23, policies regarding waiver of CARES Act overpayments*

TWC indicated that it could not locate any policies directing staff in issuing waiver determinations for overpaid CARES Act benefits. Since the beginning of the pandemic TWC staff have issued hundreds of thousands of such waiver determinations. While discussing this matter, TWC staff have made representations about what official TWC policy is – for example, that the agency does not issue waiver determinations to claimants who are determined to have committed fraud. It cannot be the case that TWC does not have any official policies related to when its employees should or should not issue these waivers.

Of particular concern is the issuance of waivers where a claimant failed to verify their identity. Several months ago, TWC staff represented that a claimant who failed to verify their identity would not receive a waiver determination because their case was classified as fraud. Last Friday, TWC clarified that ID verification failures would not be classified as fraud, but staff could not directly answer whether such claimants would be issued a waiver determination. Our experience has been that claimants who do not verify their identity do not get issued waiver determinations.

Please produce documents which show what TWC's policies are regarding when a waiver determination should be issued, when such a determination is issued, and how staff should reach those determinations.

   d. *RFP No. 28: manuals and guidance documents related to document generation*

To the extent that the agency has any trainings on the use of its document generation system (e.g., PowerPoint presentations, recorded webinars, recorded training modules), please produce these documents.

Please also produce any documents which guide employees on the circumstances in which they should issue particular notices.

   3. **Discovery supplements**

To the extent that there are additional communications or other documents which are responsive to Plaintiffs' discovery requests, please supplement your production. In particular, we believe there may be new responsive information to the requests below:

- RFPs 1-8: Any new policies regarding whether TWC will take backdated PUA claims at all. TWC staff have represented to TRLA that TWC is now not taking any backdated PUA claims. Please produce the new policy and documents indicating when the policy change took place.
- RFPs 16-20: Any new communications regarding appeal timeliness.

## 4. Discovery of statistical data

In the attached Requests for Production there are several requests for statistical data. We've been able to use the open records process in the past to request and receive database reports from the agency. To the extent that there are questions or logistical concerns about the selected queries, please let us know. TRLA has data analysts on staff; we would be happy to arrange a call with both sides' data analysts together so that we can discuss what is feasible.

Additionally, we will need to discuss methods to authenticate this data for use in motions practice and at trial, if necessary. We think this might easiest be accomplished by an affidavit from the individual running the reports which describes when the query was run and what the individual fields in the query response mean, and affirms that the results are true and correct. We're happy to put together a form affidavit for use for this purpose if you prefer, or to discuss other methods of authentication.

--

Thanks for your attention to detail in this matter. Please let us know by **February 24th** when you are available to conference on these matters.

Sincerely,

Dave Mauch
Staff Attorney
Texas RioGrande Legal Aid, Inc.
121 S. Main St., Ste. 100
Victoria, TX 77901
361.237.1681 (call/text)
dmauch@trla.org