# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:22-cv-00417 |
| | § § § | |
| v. | § § | |
| Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity, | § § § § § | |
| Defendant. | § § | |

## Plaintiffs' First Requests for Production to Defendant Ed Serna

TO: Ed Serna, by and through his attorney of record, Kyle Pierce Counce, P.O. Box 12548, Austin, Texas 78711-2548, by email to kyle.counce@oag.texas.gov.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

**/s/ David Mauch**
David Mauch
Texas Bar No. 24086837
121 S. Main St., Ste. 100
Victoria, TX 77901
Phone: (361)237-1681
Fax: (361)576-1633
dmauch@trla.org

Douglas L. Stevick
Texas Bar No. 00797498
301 S. Texas Ave.
Mercedes, TX 78570
Phone: (956) 982-5557
Fax: (956) 835-7035
dstevick@trla.org

Melissa A. Jacobs
Texas Bar No. 24046144
4920 N IH 35
Austin, Texas 78751
Phone/Fax: (512) 374-2789
mjacobs@trla.org

Elizabeth T. Leiserson
*Admitted pro hac vice*
Tennessee Bar No. 036095
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Tel: (615) 538-0725
Fax: (615) 538-0678
eleiserson@trla.org

E. Sidonia Mitchell
*Application for admission to Western District pending*
Texas Bar No. 24125331
301 S. Texas Ave.
Mercedes, TX 78570
Telephone: (956) 447-4800
Fax: (956) 825-7035
Email: smitchell@trla.org

## Certificate of Service

I hereby certify that on July 11, 2022, a true and correct copy of this document was served on Defendants via email as follows:

Kyle Pierce Counce
kyle.counce@oag.texas.gov

Joseph Keeney
joseph.Keeney@oag.texas.gov

Corra Dunigan
corra.dunigan@twc.texas.gov

                                                      */s/ Dave Mauch*
                                                      Dave Mauch

**Definitions and Instructions**

1. For the purpose of these questions, "audit" means any action by TWC staff, after a claimant has initially been determined to be eligible, to investigate whether a claimant is eligible for benefits or whether a claimant is entitled to receive all and/or any portion of the benefits they have received. This does not include actions by TWC staff in response to appeals from claimants or employers.

2. For the following requests, please produced only documents from Jan. 1, 2020, to present. For requests which include policies or legal guidance, please produce documents which reflect TWC's policies or legal opinions/guidance from Jan. 1, 2020, to the present, regardless of when those documents were created.

3. Your responses must include ESI.  *See* Fed. R. Civ. P. 34.

    a. Responsive information contained in audio and video files must be produced in their native format.  If proprietary software is required to access those files, they must be produced in a file format that does not require proprietary software.
    b. Responsive information contained in emails must be produced in .pst or .eml format with all threading preserved.
    c. Responsive information contained in text messages must be produced in .pdf format or another text-searchable format.
    d. Responsive information contained in image files must be produced in native format with all relevant metadata, such as EXIF data.
    e. All other information must be produced in its native format, or, if native format is unavailable, in another reasonably accessible format in which it was normally accessed, edited, or maintained.  When so requested, such information must be produced in an exported data format and recorded on a CD-R (Compact Disc-Recordable), or shared with Plaintiff via Dropbox or some other electronic document sharing service.

4. Responsive ESI must be produced with all relevant metadata.  This includes:

    a. For all files created or accessed on a computer: originating path and filename, date created, date last modified, date last saved, authors, last saved by, and date last printed.
    b. For emails: all information contained in the email header, including sender, receiver, CCs and BCCs, time sent, time received, subject, and date.
    c. For text messages: sender, receiver, CCs and BCCs, time sent, time received, subject, and date.
    d. For images: EXIF data.

5. Production in paper hard copy, screenshot images, scanned copies of printed hard copies, and other formats that remove metadata are not acceptable.  If you contend that electronic

production is unduly burdensome, please include an objection that specifies why electronic production is burdensome.

6. If you produce ESI in a non-electronic format, without the metadata specified above or any other metadata, or if you object to the production of ESI, you must nevertheless preserve this information as required by law.

## **Requests for Production**

1. All documents evidencing policies which govern when TWC can assess a claimant's claim for benefits as a claim for Disaster Unemployment Assistance (DUA) or Pandemic Unemployment Assistance (PUA) benefits.

2. All form notices which TWC distributes to unemployment claimants which describe policies identified in response to Request No. 1.

3. All documents evidencing policies which govern when TWC can process a claim for DUA or PUA without processing a claim for regular UI benefits.

4. All form notices which TWC distributes to unemployment claimants which describe policies identified in response to Request No. 3.

5. All documents evidencing policies which govern when TWC can process a claim for DUA or PUA after a claimant's initial claim for regular UI benefits (e.g., whether it is TWC's policy that a regular UI claim must be through the appeals process before a DUA or PUA claim may be filed).

6. All form notices which TWC distributes to unemployment claimants which describe policies identified in response to Request No. 5.

7. All documents evidencing policies which govern when TWC can process a claim for DUA or PUA after the denial of a regular UI claim without the applicant's need to file a separate, subsequent application for DUA/PUA benefits.

8. All form notices which TWC distributes to unemployment claimants which describe policies identified in response to Request No. 7.

9. All policies governing claim eligibility audits, including when audits may be conducted by TWC staff, what events trigger audits, and policies regarding claim eligibility audits.

10. All communications between TWC staff regarding the drafting of the press release identified in Paragraph 61 of Plaintiffs' First Amended Complaint.

11. All policies governing when TWC staff conducting audits may contact the claimant.

12. All policies governing when TWC staff conducting audits must contact the claimant.

13. All policies, guidance, legal interpretations, and communications regarding the interpretation or construction of the phrase "final for all purposes" under Tex. Lab. Code § 212.053.

14. All policies which govern the timeframe in which TWC staff may audit a claim, after TWC becomes aware of information which may impact a claimant's eligibility.

15. All policies which govern the timeframe in which TWC staff may audit a claim, if TWC has not received any information which may impact a claimant's eligibility.

16. All communications between TWC program staff which discuss the agency's appellate caseload for first-level and second-level appeals.

17. All communications between TWC program staff which discuss the agency's ability to meet the timeliness standards for appeal promptness in 20 C.F.R. § 650.

18. All communications between TWC program staff which discuss any efforts or plans by the agency to meet the timeliness standards for appeal promptness in 20 C.F.R. § 650.

19. All communications between TWC program staff which discuss any efforts or plans by the agency to reduce the agency's appellate caseload.

20. All communications between TWC program staff which discuss any policies, directives, or other methods for scheduling appeal hearings, including whether certain types of hearings ought to be prioritized.

21. All policies which govern when TWC staff may make a determination of waiver of overpaid CARES Act benefits.

22. All policies which govern when TWC staff must make a determination of waiver of overpaid CARES Act benefits.

23. All policies which govern when TWC staff must issue a written determination of waiver of overpaid CARES Act benefits to an affected claimant.

24. Any agreements entered into under 15 U.S.C. § 9023(a) between the State of Texas and the U.S. Department of Labor ("USDOL").

25. All policies and procedures of the TWC regarding how claimants may request a waiver of an overpayment of unemployment benefits paid.

26. All policies and procedures governing determinations made under 40 TAC 815.12(b).

27. All guidance to unemployment hearing officers in interpreting 40 TAC 815.12(e)-(f).

28. All manuals, instruction booklets, or other guidance documents detailing the use of the document generation system which TWC uses to create Determinations on Payment of Unemployment Benefits, Determinations of Waiver, and Determinations of Overpaid Unemployment Benefits.