IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 1:22-cv-00417 |
| v. | § § § | |
| Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity | § § § § § | |
| *Defendant*. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSED EMERGENCY MOTION TO EXTEND DEADLINE TO RESPOND TO DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANT'S MOTION WITHOUT PREJUDICE**

Defendant Ed Serna, Executive Director of the Texas Workforce Commission ("TWC"), files this Response to Plaintiffs' Motion to Extend and would respectfully show this Honorable Court the following:

**INTRODUCTION**

In their Motion to Extend, Plaintiffs advance many arguments that may be relevant to the question of whether this case should be dismissed as moot. However, that question is premature. The relevant question is simply whether Plaintiffs are owed an extension to respond to the Motion to Dismiss. They are not. Plaintiffs justify their request by asking this Court to expand the scope of warranted discovery when a jurisdictional motion is pending and ignore the presumption in favor of a *stay* of discovery. However, Plaintiffs fail to demonstrate any reason why the rule does not apply to this case. Because 1) their Motion to Extend fails to demonstrate any need for an extension,

but is instead simply a collateral attack on the substance of the Motion to Dismiss and Motion to Stay, and 2) because Plaintiffs cannot demonstrate how their sought-after discovery could lead to jurisdictional evidence, their Motion to Extend should be denied.

## ARGUMENT

Discovery of only jurisdictional facts is warranted when a dispositive motion to dismiss for lack of jurisdiction is pending. *See Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014). But Plaintiffs, in their Motion to Extend, misconstrue caselaw to make the claim that they must be allowed to fully develop a factual record on the *merits* of their claims before this Court should be allowed to rule on Defendant's jurisdictional 12(b)(1) Motion. That is not accurate. *See e.g. Greenery Rehab. Group, Inc. v. Sabol*, 841 F. Supp. 58, 61 (N.D.N.Y. 1993) (holding only that discovery of facts demonstrating jurisdiction is warranted); *Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987) (holding the plaintiff should only be given an opportunity to discovery facts necessary to establish jurisdiction); *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243–44 (11th Cir. 1991) (holding the district court erred only because the discovery sought related to the motion); *Koch v. United States*, 814 F. Supp. 1221, 1226 (M.D. Pa. 1993) (indicating only that incomplete discovery pertinent to relevant facts should prompt a court to proceed cautiously in dismissing claims for lack of jurisdiction). Further, Plaintiffs provide no explanation to support their conclusory statement that the merits of this case and the limited jurisdictional question presented by Defendant's Motion to Dismiss are "intertwined." For the following reasons, the jurisdictional questions in the Motion to Dismiss: 1) are discrete and distinct from the merits of Plaintiffs' claims, and 2) in need of no discovery to adequately equip Plaintiffs to file a Response.

Plaintiffs do not dispute that they have received unemployment benefits such that their claims are moot, but argue their claims should nonetheless not be dismissed under the "capable-of-repetition, but evading review" and "voluntary cessation" doctrines. (ECF No. 40) at ¶¶ 5, 8. Although considerable argument is devoted to the alleged applicability of these doctrines—arguments relevant to the Response for which they request an extension to file—the Motion to Extend fails to demonstrate how discovery might lead to any evidence relevant to the actual questions posed by these doctrines. And even if it could, they fail to explain why the Court should proactively award Plaintiffs additional time to conduct discovery even directed at jurisdiction. *See* Pl's Motion to Extend (ECF No. 40) at ¶¶ 6–14.

First, under the "capable-of-repetition, but evading review" doctrine, a court will not dismiss a moot case if (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006). As an initial matter, none of the cases cited by Plaintiffs ever analyzed the *merits* of the challenged actions or policies when answering this question.[1] *See e.g. Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (inquiring into duration and reasonable expectation of recurrence). Self-evidently, discovery regarding the *merits* of the claims would be beyond the scope of this jurisdictional question. With respect to the relevant

---

[1] When a plaintiff challenges an isolated action, discovery might be necessary to show a pattern and practice of consistent behavior that would indicate a likelihood of repetition, but such discovery is not necessary when, as here, the plaintiff alleges the existence of ongoing policies from the beginning. *Compare Libertarian Party v. Dardenne*, 595 F.3d 215, 216–17 (5th Cir. 2010) *with Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115 (1974) (indicating only that the "existence"—or not—of a policy is relevant).

jurisdictional questions, Plaintiffs have failed to demonstrate any need for discovery to show whether the first prong of the exception is applicable. For example, Plaintiffs have not asked for discovery directed at or limited to the duration of any challenged action. *See* Pl's Motion to Extend (ECF No. 40) at ¶ 14. And any durations applicable in this case are, of course, already known to Plaintiffs, because they experienced them.

In addition, the focus of the second prong is on evidence provided by the Plaintiffs regarding their positions and the likelihood of the Plaintiffs again claiming unemployment benefits. *See Joyce v. Dejoie*, No. CV 20-3193, 2022 WL 59392, at *6–8 (E.D. La. Jan. 6, 2022) (analyzing not evidence related to the merits of the challenged policies, but factors for which no discovery of the Defendant would have been needed). Further, while Plaintiffs make the conclusory claim that they must be permitted to conduct discovery on the entirety of their case to determine whether Defendant has implemented policies or practices that would forestall misconduct in the future, none of the caselaw provided by Plaintiffs indicates that discovery into corrective actions taken by a defendant is relevant to this prong.[2] Pl's Motion to Extend (ECF No. 40) at 2–4; *see also Brashear v. Panini Am., Inc.*, No. 3:19-CV-201-L, 2020 WL 13413474, at *7 (N.D. Tex. May 21, 2020) ("Mere speculation is not sufficient to support a request for jurisdictional discovery."). Further, assuming arguendo that certain discovery requests might be relevant under this doctrine, Plaintiffs

---

[2] If the challenged action is isolated, discovery necessary to establish a policy or practice of consistent behavior in order to demonstrate a reasonable expectation of future controversy might be needed. *See e.g. Libertarian Party v. Dardenne*, 595 F.3d 215, 216–17 (5th Cir. 2010). However, where as here, the claims allege policies and practices from the outset, no discovery is needed to show whether an isolated action is in fact, a policy. And as Plaintiffs admit, they do not seek an extension to conduct discovery on the mere *existence* of the policies or practices alleged in their Complaint, but to conduct discovery regarding the merits of those policies or practices.

cannot justify their request for an extension to conduct *unlimited* discovery on the merits, by claiming that <u>extension</u>—as opposed to, for example, one or two limited interrogatories—is necessary to argue simply this point.

Second, although Plaintiffs claim that they require an extension in order to conduct discovery on whether Defendant has ceased the policies and practices that caused the alleged harms, Defendant does not contend that the case is moot because it abdicated any policy or practice that was preventing Plaintiffs from being able to obtain benefits. *See generally* Def's Motion to Dismiss (ECF No. 36). Rather, the Motion to Dismiss is based only on facts showing the Plaintiffs finally took the requisite steps they had failed to previously take in order to allow the TWC to, under law, release their benefits or withdraw overpayment determinations. *Id*. at Ex. 1. No document discovery is needed to rebut these facts, nor would such burden be proportional even if relevant. Def's Motion to Stay (ECF No. 37 at 5, n. 2). Further, as before, the possible argument that the alleged policies or practices actually *did* cease cannot be conflated with the merits of the case in order to justify document discovery possibly relevant to the merits of the claims. Pl's Motion to Extend (ECF No. 40) at 8–9 (stating the intended discovery but not tying it to any of the aforementioned jurisdictional questions, relevant to either mootness exception doctrine). It certainly does not justify an <u>extension</u> to permit the previously-propounded, burdensome document and data production to proceed. Therefore, Plaintiffs' request for an extension based on the claimed applicability of this doctrine is not justified.[3]

---

[3] Plaintiffs incorrectly assert that Defendant argued that the claims are moot because the Plaintiffs caused their own denial of benefits. *See* Motion to Extend at 8. Plaintiffs appear to confuse the standing and causation doctrines with mootness. *See Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991) (discussing the difference). In fact, Defendant simply argued that Plaintiffs

If the Court denies Defendant's Motion to Dismiss, discovery on the merits might be at that time again relevant. However, while this Motion to Dismiss is pending, only discovery pertinent to jurisdictional facts is appropriate. In addition, Plaintiffs should not be rewarded for attempting to circumvent Defendant's Motion to Stay through the filing of this Emergency Motion to Extend. Plaintiffs' Motion to Extend should be denied.

## CONCLUSION

In conclusion, Plaintiffs have failed to explain how any evidence yielded by discovery would answer any of the above, relevant jurisdictional questions. Contrary to Plaintiffs' assertion, the "thrust" of caselaw indicates that the courts should avoid unnecessary and costly discovery if a dispositive motion might make that discovery irrelevant. See *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Due to Defendant's pending Motion to Dismiss, Plaintiffs' merits-based discovery should at least be stayed until the Court has resolved the Motion to Dismiss. And because Plaintiffs' stated reasons for an extension of time to respond to the Motion to Dismiss are inapplicable and the narrow jurisdictional questions discussed above involve entirely separate analyses, they are not intertwined with the merits, nor

---

took actions that rendered the claims moot. Def's Motion to Dismiss (ECF No. 36) at 9, n. 3. Further, it is not accurate to characterize Plaintiffs' specific claims in their Complaint as an overarching cause of action against the entire TWC benefits process. Specifically, Plaintiffs did not claim that the benefits system is "so unintelligible and difficult to navigate as to deny Plaintiffs due process." They argued distinct and discrete claims. Pl's First Am. Complaint (ECF No. 12) at § V. Absent amendment of the Petition, this conflation does not justify a now-expanded view of the nature and scope of this case, nor would it justify merits-based discovery, in any event.

do they justify wholesale discovery on the entirety of this case. For these reasons, the Court should not grant Plaintiffs' Motion to Extend.[4]

 

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant
Attorney General

SHAWN E. COWLES
Deputy Attorney General
for Civil Litigation

BRITTNEY JOHNSTON
Chief, Tax Litigation Division

*s/ Joseph D. Keeney*
JOSEPH D. KEENEY
Assistant Attorney General
Tax Litigation Division
State Bar No. 24092616
P. O. Box 12548
Austin, Texas 78711-2548
512-463-8897
512-478-4013 Fax
joseph.keeney@oag.texas.gov

ATTORNEYS FOR DEFENDANT

---

[4] Moreover, Plaintiffs do not explain why the need to gather their own evidence would require an additional 14 days, especially when Plaintiffs have been aware of the arguments in Defendant's Motion to Dismiss since February 16, 2023. *See* Defendant's Motion to Dismiss (ECF No. 31).

## CERTIFICATE OF SERVICE

I do hereby certify that on April 4, 2023, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Dave Mauch
Texas Rio Grande Legal Aid
121 S. Main St
Suite 100
Victoria, TX 77901 6
361-237-1681
Fax: 361-576-1733
dmauch@trla.org

Douglas L. Stevick
Texas Rio Grande Legal Aid, Inc.
5439 Lindenwood Ave.
St. Louis, MO 63109
956-582-5557
Fax: 956-825-7035
dstevick@trla.org

Melissa Anne Jacobs
Texas Rio Grande Legal Aid, Inc
4920 N IH 35
Austin, TX 78751
512-374-2789
Fax: 512-447-3940
mjacobs@trla.org

Erin Sidonia Mitchell
Texas Rio Grande Legal Aid, Inc.
300 S. Texas Blvd
Weslaco, TX 78596
956-447-4800
956-825-7035
smitchell@trla.org

        *s/ Joseph D. Keeney*
        JOSEPH D. KEENEY
        Assistant Attorney General