IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 1:22-cv-00417 |
| v. | § § | |
| Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity | § § § § | |
| *Defendant.* | § § | |

## DEFENDANT'S OPPOSED MOTION FOR PROTECTIVE ORDER WITH BRIEF IN SUPPORT

Defendant Ed Serna, ("Serna" or "Defendant") Executive Director of the Texas Workforce

Commission ("TWC"), files this Motion for Protective Order pursuant to Federal Rule of Civil

Procedure 26 and would respectfully show this Honorable Court the following:

### INTRODUCTION

Under Serna's interpretation of the Court's Text Order of 2/15/23, the discovery deadline

was June 14, 2023.[1]

---

[1] The Court "granted" the parties' joint motion and stayed the "discovery deadline" of May 10, 2023, "until" a ruling on Serna's Partial Motion to Dismiss, on March 15. *See* Text Order dated 2/15/23. The Court denied the motion with respect to the other deadlines but stated the parties could file a motion to "extend" the "other" deadlines after the ruling. *Id*. The parties never requested that the Court lift the discovery deadline or issue an indefinite stay. (Dkt #30). The parties requested a stay of discovery until a certain event and a short extension of deadlines. *Id*. Accordingly, the plain language of the Court's order indicates that the Court extended the discovery deadline for the length of time between the text order and ruling on the Partial Motion to Dismiss. *See Kohser v. Protective Life Corp.*, No. CV11JHE3915S, 2013 WL 4045305, at *2 (N.D. Ala. Aug. 8, 2013) (where deadlines were stayed until certain event, the deadlines continued to run after the event); *Johnson v. Arizona Hosp. & Healthcare Assn*, No. CV 07-1292-PHX-SRB,

On June 7, 2023, Plaintiffs served a Fourth Request for Production. Ex. 4.[2] In addition, Serna filed three dispositive motions, which the Court requested today he refile in consolidated form.[3] (Dkt #46); (Dkt #50); (Dkt #51); (Dkt #53). The consolidated dispositive motion will likely result in judgment on or dismissal of the remaining claims in this case, rendering any further discovery in this case moot, and saving both Plaintiffs and Serna the time and expense of unnecessary litigation and discovery costs. Despite the prudential course of staying discovery pending resolution of dispositive motions that would render further discovery pointless, Plaintiffs have increased their demands. Plaintiffs ignored the Court's expression of intent that discovery be "limited" and instead sought unlimited discovery. *See* Text Order dated 2/15/23; *see also* Pl's Motion to Extend (Dkt #40) (requesting unlimited discovery). Despite the Court's notice that the parties could request a new discovery deadline after a ruling on the Motion to Dismiss filed on March 29, 2023, Plaintiffs have continued to serve requests for production.[4] Text Order dated 4/5/23; Ex. 3–4. The parties conferred on June 16 and 22, 2023, and again by e-mail on June 23, 26, and 27, 2023. They were unable to reach an agreement. Plaintiffs are opposed to a stay of discovery. Based on the discovery deadline, the Court should enter a protective order against any further discovery in this case, at least until the parties request and receive a new discovery deadline.[5] Based on the dispositive motions, the Court should alternatively enter a protective order

---

2010 WL 11515669, at *6 (D. Ariz. Sept. 27, 2010) (where stay of deadlines tolled those deadlines).

[2] Defendant noticed a 30(b)(6) deposition for July 10, 2023, but Defendant will not oppose this deposition. (Ex. 6).

[3] Serna intends to file this consolidated motion as early as next week.

[4] Plaintiffs have served 110 requests for production in this case. 82 of those requests were served after Serna filed a dispositive motion. (Ex. 1–4).

[5] The parties' disagreement over the discovery deadline in this case, and Plaintiffs' insistence upon discovery despite pending dispositive motions warrants this motion, as an "exceptional"

barring any further discovery in this case until the Court rules on Serna's consolidated dispositive motion.

## PROCEDURAL HISTORY

Serna filed a motion to stay, quash, and for protective orders on March 29, 2023. (Dkt #37). Plaintiffs filed a response, and U.S. Magistrate Judge Dustin M. Howell set the matter for a hearing on May 19, 2023, which was after the deadline for Serna to respond to Plaintiffs' second request for production, as well as the date to which the deposition had been extended. *See* (Dkt #44). The Court also directed the parties to confer and file a joint advisory on the discovery conference. (Dkt #44). The parties conferred on April 20, 2023, and Serna agreed to produce a corporate representative on unspecified topics at a remote deposition tentatively scheduled for May 25, 2023. (Dkt #45). The parties discussed the fact that the TWC would likely need to produce a second representative on some of the topics and agreed that no deposition over topics 5b and 5d would be held unless and until the Court approves a joint protective order. (Dkt #45).

The promise of an amicable discovery process dissipated quickly.  Plaintiffs immediately (as in, the same day of the conference) served Serna with their Third Requests for Production, bringing their total number of requests to **79.** Ex. 3. On June 7, 2023, Plaintiffs served a Fourth Request for Production with **31** additional requests, bringing the total number of requests for production to **110.** (Ex. 4). Defendant had withdrawn his motion to stay on the expectation that discovery would proceed reasonably and that Plaintiffs would not file an additional 50+ requests for document production. Because the parties reached an impasse on discovery, the parties dispute the existence of a discovery deadline, and Serna has raised additional since March 29, 2023,

circumstance. *See* Local Rule CV-16(e). Further, Plaintiffs' Fourth Request for Production was served on June 7, 2023, seven days before June 14, 2023.

warranting dismissal or judgment on the pleadings, Serna files this motion asking the Court to enter a protective order.

## ARGUMENT

### I.     Discovery Deadline

Under Federal Rule of Civil Procedure 26(c) "[a] party or any person from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect [the] party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under the Court's Local Rules, only "[u]nopposed discovery may continue after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Local Rule CV-16(e). Written discovery is not timely unless the response to that discovery would be due before the discovery deadline. *Id*. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline. *Id*.

Plaintiffs' Fourth Requests for Production, with responses due after the discovery deadline, is not timely. Ex. 1. Further, supplementation of prior requests would not be timely. Although the Court's Local Rules state that no written response is required to untimely written discovery requests and the Court will generally not rule on untimely discovery motions, Serna moves for a protective order given Plaintiffs' asserted belief that the discovery deadline has been lifted in this case and the possibility that Serna has misinterpreted the Court's order. If Serna is mistaken, Serna requests clarification but also requests the Court stay discovery for the following reasons.

II.     **Dispositive Motions**

A.  **No discovery to respond to Serna's arguments under Rule 12(c).**

It is appropriate to stay discovery until preliminary questions that may dispose of the case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Id*. A district court properly exercises this discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Good cause exists when resolving a motion to dismiss might reduce or preclude the need for discovery or when "further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."[6] *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty., Texas*, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (*citing* 9A Wright & Miller, Federal Practice and Procedure § 2040 (3d ed. 2008)).

Such good cause exists here. In ruling on a 12(c) motion, the Court must look only to the pleadings and exhibits attached to the pleadings. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019). Accordingly, Plaintiffs are not entitled to any discovery to supply evidence to respond to

---

[6] Other factors courts have considered include: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the motion seeking a stay." *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). The breadth of Plaintiffs' requests for production are wide-ranging and encompass multiple facets of TWC's unemployment benefits administration. For a snapshot of the burden responding to simply some requests for e-mails, would entail, *see* Exhibit 7. As for the strength of the dispositive motion, most notably Serna would note that the Plaintiffs are not in need of any injunctive relief for any ongoing unconstitutional action—they are instead pursuing policy changes benefitting not themselves, but others.

Defendant's arguments under Rule 12(c). *See Gardner v. Major Automotive Cos.*, 11–CV–1664, 2012 WL 1230135, *4 (E.D.N.Y. Apr. 12, 2012); *see also Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Morgan Stanley & Co. LLC,* No. CV H-12-CV-1777, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012) ("A motion for judgment on the pleadings under Rule 12(c) may trigger the stay in the same way as a Rule 12(b)(6) motion."); *Petrus*, 833 F.2d at 583 ("Nothing that [plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery …"). Because Plaintiffs cannot submit evidence or exhibits in response to Defendant's 12(c) arguments, a stay of—or protective order against—discovery is the correct ruling. Nothing Plaintiffs could learn from discovery would affect the Court's ruling under 12(c).

Recently, the Fifth Circuit emphasized the importance of halting discovery pending a ruling on a motion to dismiss for insufficient pleadings.[7] *See Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). The Fifth Circuit noted that in *Ashcroft v. Iqbal*, a plaintiff tried to defend the need for discovery, despite a pending motion to dismiss for failure to state a claim, but the Supreme Court "had none of it." *Id*. (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009); *see also Ford v. Caddo Par. Dist. Attorney's Off.*, No. CV 15-0544, 2016 WL 2343903, at *2 (W.D. La. May 3, 2016) ("[A]fter … *Twombly* … and *Iqbal* … plaintiffs must allege sufficient facts in their complaint to state a plausible claim for relief *before* the doors of discovery will be unlocked.") (emphasis in original). In *Iqbal*, the Supreme Court "reaffirmed its prior holding [in *Twombly*] "'that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.'" *Carswell*, 54 F.4th at 311 (*citing Ashcroft*, 556

---

[7] *Carswell* dealt with a motion asserting immunity, but the same prudential considerations, and analysis by the Supreme Court in *Iqbal* and *Twombly*, support a stay due to a motion to dismiss for insufficient pleadings.

U.S. 662, 684–85); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564-70 (2007) (explicitly rejecting the argument that discovery should proceed while a motion to dismiss for insufficient pleadings was pending, labeling it "discovery abuse").

Because Serna is seeking judgment on the pleadings, arguing that Plaintiffs have failed to state a plausible claim upon which relief can be granted, Supreme Court and Fifth Circuit precedent provide that good cause exists to stay or enter a protective order against further discovery until the Court rules under 12(c). The Supreme Court has twice rejected the "careful-case-management approach" that would permit limited discovery in the meanwhile. *Ashcroft*, 556 U.S. 662, 684–86. In this situation, the plaintiff is "not entitled to discovery, cabined or otherwise." *Id*. at 686; *see also MC Asset Recovery, LLC v. Castex Energy, Inc.*, No. 4:07-CV-076-Y, 2007 WL 9718311, at *2 (N.D. Tex. Aug. 6, 2007) (staying wide breadth of discovery while 12(c) and 12(b)(6) motions were pending); *United States ex rel. Vanderlan v. Jackson HMA, LLC,* No. 3:15-CV-767-DPJ-FKB, 2020 WL 2323077, at *13 (S.D. Miss. May 11, 2020) (denying motion to reopen discovery while 12(c) motion was pending).

### B. Even if Serna had only raised mootness and standing, good cause would exist to halt all discovery until the Court rules on his dispositive arguments.

Good cause for a stay also exists here because the balance of any theoretical harm produced by a delay in discovery is outweighed by the possibility that the Court will dismiss the case on mootness or standing grounds. *See Conquest v. Camber Corp*., No. 5:13-CV-1108-DAE, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014); *see also Von Drake v. Nat'l Broad. Co., Inc*., No. 3–04–CV–0652–R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense'") (*quoting Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

Should the Court grant Defendant's consolidated motion, Plaintiffs' needs for discovery would be eliminated. *See Conquest*, 2014 WL 172500, at *1 (*citing Sapp v. Mem. Hermann Healthcare Sys.*, 406 F. App'x 866, 871 (5th Cir. 2010)) (affirming district court's stay of discovery when questions of law suggest that the case may not reach a determination on the merits). Even if the Court did not dismiss all claims, the scope of relevant discovery would be narrowed. Under these precedents, any "meager harm" produced by a temporary stay would not outweigh the possibility that Defendant's Motion will be granted even in part and eliminate the need for discovery. *See Conquest*, 2014 WL 172500, at *1*; see also Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016). Indeed, the Court could always open discovery—as it has indicated it would likely do—after these rulings, to permit any warranted discovery pertinent to any remaining claims. *See* Text Order dated 4/5/23. There is thus no reason to permit discovery while these motions are pending.

### C. Plaintiffs are not entitled to any further discovery on even jurisdictional facts.

Even if Serna was not seeking judgment on the pleadings, and even if Serna's jurisdictional motions to dismiss *did* invite a response dependent on jurisdictional discovery, the decision to grant even jurisdictional discovery is discretionary. *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (concluding that the district court did not abuse its discretion in ruling on a Rule 12(b)(1) motion without allowing the plaintiff who filed the action to conduct jurisdictional discovery). A stay of discovery is not appropriate if it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Conquest*, 2014 WL 172500, at *2. "[S]ome jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings U.S. LLC*, 701 F.3d 449, 457 (5th Cir. 2012). However, the party requesting discovery is "not entitled to jurisdictional discovery if the record

shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013) (*quoting Freeman*, 556 F.3d at 342; *see also Petrus*, 833 F.2d at 583) (holding where a party seeking discovery could not have learned anything through discovery that could have affected the resolution of defendants' dispositive motion, a district court properly defers discovery while deciding the dispositive motion).

Plaintiffs have had the entire length of a discovery period to pursue discovery relevant to their claims. That opportunity is all to which they are entitled. *See Conquest*, 2014 WL 172500 at *2; *see also Fujita*, 416 F. App'x at 403. Specifically, Plaintiffs have served numerous requests for documents and have already deposed one corporate witness. Plaintiffs have noticed another corporate witness depositions for July 10, which Defendant will not oppose. Ex. 6. Moreover, no discovery is needed to reveal the fact that: 1) there are no longer any live disputes between Serna and the individuals named in Plaintiffs' Complaint; and 2) the Plaintiffs' untimely witnesses (allegedly members of Plaintiff Texas Association for the Rights of the Unemployed) are not eligible for further unemployment benefits.[8] Accordingly, even if Serna were not seeking judgment under Rule 12(c), which is dispositive of this question, Plaintiffs would not be entitled to proceed with further discovery on jurisdictional facts. Plaintiffs have had sufficient opportunity to develop a factual base for responding to the 12(b)(1) arguments.

## CONCLUSION

Because: 1) because the discovery period has expired; 2) no discovery is needed for Defendant's 12(c) motion; 3) allowing further discovery on the merits when there is a possibility

---

[8] Whether any witness in this case is entitled to unemployment benefits would not based on first-hand knowledge of the TWC—the TWC adjudicated their unemployment benefits claims based on evidence presented by the parties. *See generally* Tex. Lab. Code Ann. ch. 212.

that the Court will dismiss the case or issue judgment on the pleadings—or both—would be wasteful of time and scarce public resources; 4) Plaintiffs have had ample time and opportunity—more than the length of the discovery period the parties agreed to last year—to pursue discovery in this case, the Court should enter a protective order against any further discovery. In the alternative, the Court should enter a protective order against discovery pending rulings on Serna's consolidated dispositive motion.

For these reasons, Serna respectfully requests that the Court grant this Motion for Protective Order, and for such other relief as the Court deems appropriate.

Respectfully submitted.

**John Scott**
Provisional Attorney General

**Brent Webster**
First Assistant Attorney General

**Grant Dorfman**
Deputy First Assistant Attorney General

**James Lloyd**
Acting Deputy Attorney General for Civil Litigation

**Kimberly Gdula**
Deputy Chief, General Litigation Division

**Ryan Kercher**
Deputy Chief, General Litigation Division

*/s/ Joseph D. Keeney*
**Joseph Keeney**
Assistant Attorney General
Texas Bar No. 24092616
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4090

Facsimile: (512) 320-0667
Joseph.keeney@oag.texas.gov

***ATTORNEYS for Defendant***

## CERTIFICATE OF CONFERENCE

I do hereby certify that I conferred with Plaintiffs' counsel in good faith on June 16 and 22, 2023, and by e-mail on June 19, 23, and 27, 2023. We are not able to agree because Plaintiffs will not agree to stay discovery until the Court rules on Defendant's dispositive motions. Therefore, the matter is presented to the Court for determination.

## CERTIFICATE OF SERVICE

I do hereby certify that on June 28, 2023, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Dave Mauch
Texas Rio Grande Legal Aid
121 S. Main St
Suite 100
Victoria, TX 77901 6
361-237-1681
Fax: 361-576-1733
dmauch@trla.org

Melissa Anne Jacobs
Texas Rio Grande Legal Aid, Inc
4920 N IH 35
Austin, TX 78751
512-374-2789
Fax: 512-447-3940
mjacobs@trla.org

Douglas L. Stevick
Texas Rio Grande Legal Aid, Inc.
5439 Lindenwood Ave.
St. Louis, MO 63109
956-582-5557

Erin Sidonia Mitchell
Texas Rio Grande Legal Aid, Inc.
300 S. Texas Blvd
Weslaco, TX 78596
956-447-4800

Fax: 956-825-7035                                       956-825-7035
dstevick@trla.org                                       smitchell@trla.org


                                    */s/ Joseph D. Keeney*
                                    JOSEPH D. KEENEY
                                    Assistant Attorney General