IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Texas Association for the Rights of the Unemployed, Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte, | §<br>§<br>§<br>§<br>§ | |
| *Plaintiffs*, | §<br>§ | Civil Action No. 1:22-cv-00417 |
| v. | §<br>§ | |
| Ed Serna, Executive Director, Texas Workforce Commission, in his official capacity | §<br>§<br>§<br>§ | |
| *Defendant.* | §<br>§ | |

## <u>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL<br>AND MOTION FOR DISCOVERY SANCTIONS</u>

Defendant Ed Serna, ("Serna" or "Defendant") Executive Director of the Texas Workforce Commission ("TWC"), files this Response to Plaintiffs' Motion to Compel and Motion for Discovery Sanctions ("Motion") and would respectfully show this Honorable Court the following:

## INTRODUCTION

The discovery period has expired in this case, and Serna has raised the following arguments: 1) sovereign immunity—because Plaintiffs failed to allege an ongoing violation of federal law and do not seek prospective relief, 2) standing—because no one was alleged to have suffered a property deprivation, 3) mootness—because everyone in the Complaint has corrected the errors they made with their claims and received all unemployment benefits legally permitted, and 4) failure to state a claim. (Dkt #61). Plaintiffs' requests for production are not relevant to even the due process claims alleged. Even if some documents could be shown to be relevant, the scope of the requests are not proportional—all that is needed is information concerning whether Plaintiffs received notice an an opportunity to respond before a property deprivation. However, Plaintiffs

are attempting to use this litigation to maintain their claims under the Social Security Act ("SSA"), which have already been dismissed. And they are abusing the discovery process in doing so. Their requests for production are outside the scope of permitted discovery, overbroad, and unduly burdensome on their face. The Court should properly exercise its discretion by denying this Motion.

## ARGUMENT

### I.    Plaintiffs' Motion for Discovery Sanctions is without merit.

Plaintiffs argue that only personally-identifying information is confidential unemployment compensation (UC) information. That statement is false. Whether information is confidential is determined by Commission rule. Tex. Lab. Code Ann. § 301.085(b). The TWC's longstanding position—as evidenced by statutory plain language and TWC rules—has been that "***all UC information** is confidential and barred from disclosure*." 33 Tex. Reg. 5819, 5983 (emphasis added); *see also* 40 Tex. Admin. Code 815.162(1) (Confidential UC information is "unemployment compensation information in Agency records…"). "[UC] information' means information in the records of the commission that pertains to the administration of Subtitle A, including any information collected, received, developed, or maintained in the administration of [UC] benefits or the [UC] tax system." Tex. Lab. Code Ann. § 301.085(a)(2).

Notwithstanding the default confidentiality of all UC information, the TWC *may* make certain disclosures as permitted by TWC rule.[1] 33 Tex. Reg. 5819, 5982. "Several factors are key in weighing options related to disclosure…" *Id.* at 5983. "Historically, the Agency's practices have provided the greatest level of confidentiality to UC information…" *Id.* The TWC must assess

---

[1] The TWC can disclose confidential information if necessary for the efficient administration of UC law, including adjudication purposes, but not if such disclosure would interfere with the efficient administration of state UC law. Tex. Admin Code 815.163(b), .164(b), .165.

benefits and risks when determining whether the information may be released. *Id.* Paramount above all is ensuring that disclosure does not interfere with the efficient administration of state UC law. *Id.* at 5984; 40 Tex. Admin. Code § 815.163(b) (explaining that notwithstanding any other provision [including any permissive disclosure of public domain information] of this chapter, confidential unemployment compensation information shall not be disclosed if such disclosure interferes with the efficient administration of the state UC law and expressly requiring the TWC to evaluate the burdensomeness of a request when determining whether information should be disclosed).

Accordingly, a request that would provide information that could assist an individual in gaming the system or committing fraud, for example, or a burdensome request that would divert staff from efficiently administering state UC law is prohibited by chapter 301 of the Texas Labor Code, chapter 815, subchapter E of the TWC rules, and federal law. *See* 20 C.F.R. § 603.5 ("Disclosure of confidential UC information is permissible … only if authorized by State law and if such disclosure does not interfere with the efficient administration of the State UC law); *see also* (Ex. 5, 6, 8). As shown here, federal regulations authorize states to adopt state law with more stringent confidentiality provisions than those imposed by the federal regulations. 33 Tex. Reg. 5819, 5982. Thus, confidential UC information in the TWC's possession is not limited to personally-identifying information and must be withheld.[2]

---

[2] When reviewing the construction and application of agency regulations, the Court must give controlling weight to the agency's interpretation unless it is plainly erroneous or inconsistent with the regulation. *Ali v. Gonzales*, 435 F.3d 544, 546 (5th Cir. 2006) (quotations omitted). Whether some information has been disclosed in the past is irrelevant—in those instances a TWC employee must have determined that they could provide the requested information without interfering with the efficient administration of state UC law or the disclosure should not have occurred.

Plaintiffs' request for sanctions is thus without merit, and the Court should not be misled by their misstatement of the law, nor compel Serna to violate the law by responding to facially overbroad and burdensome discovery requests, which would harm the public by slowing the efficient administration of the TWC's public services. Such order would constitute an abuse of discretion. Even if the Court disagrees with the TWC's legal interpretation, no sanctions would be warranted because this interpretation has been the TWC's longstanding agency position, and the objections made under these confidentiality provisions were made in good faith. (Ex. 5, 6, 8).

## II.    Fifth Circuit precedent requires the Court deny this Motion.

Serna has raised sovereign immunity from this suit. (Dkt #61). Thus, a stay of discovery is now required.[3] Sovereign immunity protects Serna from both this suit (including discovery) and liability. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 1434–44 (1993). Fifth Circuit precedent directs district courts to halt any further discovery. *Carswell v. Camp*, 37 F.4th 1062, 1065 (5th Cir. 2022); *Wells v. State Attorney Generals of La.*, 469 F. App'x 308, 310 (5th Cir. 2012) (per curiam) ("[D]iscovery generally is not allowed until the resolution of immunity issues in the case."); *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) ("[U]ntil resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." (internal quotation marks omitted)); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues."); *see also In re Paxton*, 60 F.4th 252 (5th Cir. 2023) (finding abuse of discretion when Court deferred ruling on motion to dismiss and allowed discovery to proceed). Therefore, the Court should properly exercise its discretion, deny

---

[3] Serna has also noticed the Court that there is no longer any jurisdiction for this suit because Plaintiffs' claims are moot and Plaintiffs lack standing. (Dkt #61). Further, the case has no merit— Plaintiffs failed to state a claim. *Id.*

Plaintiffs' Motion, and grant Serna's Motion for Protective Order. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that it is a proper exercise of discretion to first rule on dispositive motions that may render further discovery irrelevant); *see also* (Dkt #62).

### III.    Plaintiffs' Motion is untimely.

The discovery deadline in this case was extended to June 14, 2023. Text Order dated 2/15/23 (tolling the deadline for the length of time in which it took to rule on Defendant's Partial Motion to Dismiss—35 days); *see also* (Dkt #59) (discussing deadlines). Plaintiffs have requested another extension of the deadline to August 31, 2023. (Dkt #55). Plaintiffs did not file their Motion to Compel until July 6, 2023—more than fourteen days after the end of the discovery period. (Dkt #58). Thus, the motion is untimely. Local Rule CV-16(e); *see also Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200 (E.D. Mich. 2002) ("In numerous cases, courts have denied tardy discovery motions that were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party.").

Further, given the extent and scope of Plaintiffs' requests, this motion was not filed with enough time to complete the requested discovery by August 31, 2023—the date Plaintiffs have asked the Court to extend the discovery deadline. (Dkt #56). Simply filing a discovery motion before the close of discovery is not sufficient to establish timeliness. *Rainbow Energy Mktg. Corp. v. DC Transco, LLC*, No. 1:21-CV-313-RP, 2022 WL 17365260, at *2 (W.D. Tex. Dec. 1, 2022). The discovery deadline is the date intended for all discovery activities to be complete. *See Days Inn Worldwide, Inc. v. Sonia Inv.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006); *see also RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, No. 2:14–cv–01232–APG–GWF, 2017 U.S. Dist. WL 2908869, at *5 (D. Nev. July 6, 2017) ("A motion to compel filed on the last day of discovery, for example, may be untimely if it could and should have been filed much earlier."). Plaintiffs

waited approximately one year before filing this Motion with respect to RFPs 1-9, 11, 12, 14, 15, and 16-26. Further, with respect to their eleventh-hour Motion to compel documents allegedly responsive to the Second and Third Requests for Production, it is impossible to have this Motion heard and requested documents produced even by August 31, 2023. Thus, for this reason also, the Court should properly exercise its discretion and deny Plaintiffs' Motion to Compel. *See* (Ex. 5– 9) (estimating the requests would need multiple employees and two years).

### IV. Plaintiffs' Requests for Production are facially irrelevant, overbroad, disproportionate to the claims in this case, and unduly burdensome.

On motion or on its own, the court **must** limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.[4] Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs have not attempted to serve any requests for admission or interrogatories in this case. Serna has expressed his willingness to respond to such requests, which would be less burdensome and less expensive— for each of the numerous requests. Serna has also provided answers to questions relevant to all

---

[4] Defendant did not make boilerplate objections. Serna provided multiple reasons why the requested documentation was objectionable—such as the pending dispositive motions, the fact that the information could be obtainable through less burdensome means, the voluminous nature of the information requested, and the confidentiality requirements of state and federal law. Even if Serna's objections were waived, the Court should deny Plaintiffs' Motion because the requests are facially supernumerary; irrelevant; overbroad, disproportional; and unreasonably burdensome, cumulative and duplicative. *See Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *4 (E.D. Tex. Apr. 23, 2018) (holding a party will not be compelled to produce documents if the requests are overbroad or unduly burdensome on their face); *Borenstein v. Animal Found.*, No. 219CV00985CDSNJK, 2022 WL 3647910, at *2 (D. Nev. Aug. 24, 2022) (denying production despite waiver of objections when requests were facially objectionable and exceeded the bounds of fair discovery). Further, Serna maintains he properly and completely responded to the First Requests for Production. Plaintiffs are seeking documents as they describe them in subsequent conference letters, but Serna properly responded in good faith to the First Requests for Production as written. Serna produced responsive e-mails and was not put on notice that Plaintiffs were requesting documents evidencing its internal procedures by the First Request for Production.

these document requests, including its internal practices and procedures, in two corporate representative depositions, as well as an informal meeting with multiple high-level staff members. (Ex. 1, 2, 9). Accordingly, Plaintiffs have received more than adequate discovery responses, and the TWC's confidential documents would not convey any additional useful information.

Further, the Court has dismissed Plaintiffs' Social Security Act ("SSA") claims. (Dkt #35). Plaintiffs are attempting to bring those same claims through the due process clause, but that tactic is baseless. The only discovery to which Plaintiffs might be entitled for their due process claims is information concerning whether the TWC gave them notice and an opportunity to respond before depriving them of any property. *See Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) (holding § 1983 claims are individual in nature); *see also Matthews v. Eldridge*, 424 U.S. 319, 321 (1976) (due process is measured with reference to *particular* circumstances). Because none of the requested documents are relevant to whether the Plaintiffs received due process, Serna should not be compelled to turn over virtually all documents relating to the entirety of its unemployment administration.[5] Even if some of the requested documents could be shown to be relevant, the scope is not proportional. Indeed, Plaintiffs' discovery demands amplified when it became clear that the Court lacked jurisdiction and after the Court dismissed the SSA claims. This is not permitted. *See Catalyst Medium Four, Inc. v. CardShark*, LLC, 2015 WL 1412591, at *8 (W.D. Tex. Mar. 26, 2015) (concluding that a party's "request for jurisdictional discovery in the hopes it might, with any luck, reveal jurisdiction is a textbook fishing expedition").

---

[5] Plaintiffs' attempted justifications have no merit—they do not need this scope of documentation to inquire into whether better methods of serving notice or scheduling hearings indicates that they were denied due process. Similarly, they need no documentation to ask whether any alleged policy is ongoing. They could have the answer to that question in an interrogatory.

Plaintiffs' requests for all documents concerning various topics are also facially overbroad and unduly burdensome. *See* (Ex. 5–9); *see also Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999) (holding a discovery request seeking "all documents relating to" a certain subject "facially overbroad"). Rule 34(b) also requires document requests to specify the items desired "with reasonable particularity." Plaintiffs' document requests do not. *See* (Ex. 5–9). A request for production is facially overbroad and unduly burdensome where it is questionable which of many documents the request encompasses. *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005). Plaintiffs' requests fall into this category and are most accurately described as improper fishing expeditions. *See Brashear v. Panini Am., Inc.*, No. 3:19-CV-201-L, 2020 WL 13413474, at *7 (N.D. Tex. May 21, 2020) ("Mere speculation is not sufficient to support a request for jurisdictional discovery.").

### A. *RFPs 16–20, 48, 52.*

These requests are facially overbroad and unduly burdensome. (Ex. 5–9). And as discussed, any requests for documents or communications regarding the TWC's efforts to comply with federal timeliness guidelines are not relevant, nor proportional to the needs of this case now that Plaintiffs' SSA claims have been dismissed. (Dkt #35). Further, Serna conducted a good faith search and provided around 60 responsive e-mails for RFPs 16–20. Plaintiffs, however, ask the Court to order the parties to confer and develop keywords to search for more communications. Plaintiffs claim that Defendant has not already done so. (Dkt #58 at 9). That statement is false. (Ex. 1) (showing conferences). The parties conferred, and Serna asked for search terms. *Id*. Plaintiffs provided terms. (Ex. 2). Those search terms showed Plaintiffs' demands were infeasible. (Ex. 7). Plaintiffs are also wrong to insist the TWC could provide documents without performing a manual review. Manual review is required because the TWC generally cannot reveal personally-

identifying information.[6] Tex. Lab. Code Ann. § 301.085(d)–(e). The risk of disclosing personal information by producing such a large batch of communications is significant. *See* 40 Tex. Admin. Code § 815.163(b) (requiring the TWC to withhold documents if there is a risk of revealing personal information). Under these circumstances, the TWC should not be compelled to run database searches and perform a costly, year-long manual review when the TWC properly responded after a good faith search. Plaintiffs have also received adequate discovery on these issues through depositions or could have received it through interrogatories.[7] *See* (Ex. 7).

**B. *RFPs 1-9, 11, 12, 14, 15, 21-26, 49, 52.***

The TWC properly responded or objected to these requests. The TWC does not permit claims examiners to conduct audits as described in the Complaint. (Dkt #61, Ex. 6). Their speculation otherwise was baseless, and Plaintiffs know this. (Dkt #61, Ex. 2, 6). Further, Plaintiffs' argument based on their expanded definition of "audit" makes clear they wish to exceed the scope of Fed. R. Civ. P. 26(b). Their Complaint alleged the TWC conducted a very specific type of audit. (Dkt #12 at ¶ 66). Thus, discovery on *every* standard (unchallenged) type of investigation or procedure is not relevant or proportional. The Plaintiffs previously represented to the Court they need only "ask TWC when (or, indeed, whether), in the course of its audits, it normally sends claimants letters advising them of the audit and allowing them to respond." (Dkt #21 at 5–6). The Court should take them at their word. An appropriate level of discovery might include some interrogatories or RFAs, but not overbroad document requests.

---

[6] The TWC has also provided two corporate representatives and met with the Plaintiffs in an informal meeting to provide them information relevant to these requests. (Ex. 3, 4, 5) Defendant has offered to respond to interrogatories or Requests for Admission. Requiring burdensome document production is not proportional to the needs of this case.

[7] With respect to communications with the Department of Labor (DOL), the TWC can share information with the DOL not generally available to the public. *See e.g.* 40 Tex. Admin. Code § 815.165.

Further, as the TWC generally is prohibited under the Texas Constitution from waiving unemployment benefits overpayments—except when federal law permits the waiver of federal benefits under programs like the recent pandemic benefits program—the only policies governing when the TWC legally can waive benefits or must send a notice are publicly available. Plaintiffs previously informed the Court that all they need is "inquiry into TWC's policies about when and whether notice [of waiver determination] is normally provided." (Dkt #21 at 5–6). Accordingly, nothing more than an interrogatory or RFA is appropriate and proportional for this issue.

Moreover, all policies *governing* the TWC are publicly-available. (Ex. 5 at ¶5) Plaintiffs mischaracterize their requests by claiming they sought, in the First Requests for Production, documents showing the internal general operating procedures, protocols, policies, etc.—they did not seek discovery on those internal practices until the Third Request for Production. (Dkt #58–6). Further, internal practices may be evidenced or memorialized in a variety of documents, but the TWC does not maintain one universal handbook of procedures. (Ex. 5–9).

### C. *RFPs 32-33*

Serna initially objected to these requests because it did not initially appear feasible to produce the requested information without revealing proprietary or personally-identifying information. Serna made these objections in good faith. But Serna has since agreed to produce responsive documents, and the parties' dispute over these requests for production should be moot.

### D. *RFPs 50-51*

A request for all communications, memoranda, meeting notes, and other documents concerning possible changes to forms is facially overbroad and unduly burdensome. *See* (Ex. 5–9); *Cotracom*, 189 F.R.D. at 666. Plaintiffs have received adequate discovery on this issue in depositions. The requested discovery further is not relevant to whether Plaintiffs themselves received adequate notice. Further, Serna has already provided Plaintiffs the requested forms the

TWC provides to the DOL. (Dkt #58–10). Plaintiffs have also received all the form language utilized by the TWC. *Id.* Thus, Serna should not be compelled to respond to these requests.

## CONCLUSION

In short, it would constitute an abuse of discretion for the Court to compel Serna to disclose further documents in this case, not only due to the pending dispositive motion and discovery deadline, but also because it would harm the public by interfering with the efficient administration of state UC law. Thus, the Court should deny Plaintiffs' Motion to Compel and for Sanctions, grant a protective order, and deny Plaintiffs' request for sanctions. Serna believes in good faith that all objections were warranted and appropriate. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Serna also respectfully requests his reasonable costs and attorneys' fees under Fed. R. Civ. P. 37(a)(5)(B).

Respectfully submitted.

**John Scott**
Provisional Attorney General

**Brent Webster**
First Assistant Attorney General

**Grant Dorfman**
Deputy First Assistant Attorney General

**James Lloyd**
Acting Deputy Attorney General for Civil Litigation

**Kimberly Gdula**
Deputy Chief, General Litigation Division

**Ryan Kercher**
Deputy Chief, General Litigation Division

*/s/ Joseph D. Keeney*
**Joseph Keeney**
Assistant Attorney General
Texas Bar No. 24092616

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4090
Facsimile: (512) 320-0667
Joseph.keeney@oag.texas.gov

***ATTORNEYS for Defendant***

## CERTIFICATE OF SERVICE

I do hereby certify that on July 13, 2023, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Dave Mauch
Texas Rio Grande Legal Aid
121 S. Main St
Suite 100
Victoria, TX 77901 6
361-237-1681
Fax: 361-576-1733
dmauch@trla.org

Melissa Anne Jacobs
Texas Rio Grande Legal Aid, Inc
4920 N IH 35
Austin, TX 78751
512-374-2789
Fax: 512-447-3940
mjacobs@trla.org

Douglas L. Stevick
Texas Rio Grande Legal Aid, Inc.
5439 Lindenwood Ave.
St. Louis, MO 63109
956-582-5557
Fax: 956-825-7035
dstevick@trla.org

Erin Sidonia Mitchell
Texas Rio Grande Legal Aid, Inc.
300 S. Texas Blvd
Weslaco, TX 78596
956-447-4800
956-825-7035
smitchell@trla.org

*s/ Joseph D. Keeney*
JOSEPH D. KEENEY
Assistant Attorney General