IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS ASSOCIATION FOR THE RIGHTS OF THE UNEMPLOYED, KATHRYN KAWAZOE, STEPHANIE STOUT, KIMBERLY HARTMAN, and CHARLES HARMON, JESUS DUARTE, | § § § § § § § § | No. 1:22-CV-417-DAE |
| Plaintiffs, | § § § | |
| vs. | § § | |
| EDWARD SERNA, Executive Director, Texas Workforce Commission, in his official capacity, | § § § § § | |
| Defendant. | § | |

ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is Plaintiffs Texas Association for the Rights of the Unemployed ("TARU"), Kathryn Kawazoe, Stephanie Stout, Kimberly Hartman, Charles Harmon, and Jesus Duarte (collectively, "Plaintiffs") Motion to Reconsider. (Dkt. # 38.) After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES** the motion to reconsider.

BACKGROUND

On May 3, 2022, Plaintiffs filed suit in this Court, challenging the Texas Workforce Commission's ("TWC") administration of Covid-19 pandemic

unemployment compensation programs.  (Dkt. # 1.)  Plaintiffs' amended complaint sought relief pursuant to 42 U.S.C. § 1983 based on Defendants' alleged denial of Plaintiffs' due process rights guaranteed by the Fourteenth Amendment, as well as for violations of the Social Security Act, 42 U.S.C. § 503(a)(1).  (Dkt. # 12.)

    A.    <u>Social Security Act</u>

In 1935, Congress passed the Social Security Act, creating the framework for state unemployment compensation programs nationwide.  In <u>California Department of Human Resources Development v. Java</u>, the Supreme Court examined the legislative history of the Social Security Act, observing that the purpose of unemployment compensation was "to give prompt if only partial replacement of wages to the unemployed, [and] to enable workers 'to tide themselves over until they get back to their old work or find other employment, without having to resort to relief.'"  402 U.S. 121, 131 (1971) (quoting H.R. Rep. No. 615, 74th Cong., 1st Sess., 7 (1935)).

Among others, the Social Security Act requires states to administer benefits in a manner that is "reasonably calculated to insure full payment of unemployment compensation when due," and for states to provide an "[o]pportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied."  42 U.S.C.

§ 503(a)(1), (3).  In Texas, the Social Security Act's unemployment provisions are administered by the TWC pursuant to the Texas Unemployment Compensation Act ("TUCA"), and the regulations promulgated by the TWC thereunder.  See Tex. Labor Code § 201 et seq.  The TUCA and TWC provide that unemployed Texans may apply for and receive unemployment benefits if they meet the criteria set forth in the TUCA so long as they continue to remain eligible.  Id. § 207.021; 40 Tex. Adm. Code § 815.

    B.    The CARES Act

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. § 9001, et seq., commonly denominated the CARES Act, which created new, temporary, federal unemployment insurance programs.  Congress has amended the CARES Act twice since its passage for the purpose of extending the time period of its coverage.  The CARES Act established Pandemic Unemployment Assistance ("PUA"), a temporary federal unemployment program that provided up to seventy-nine weeks of benefits to certain individuals who were not otherwise eligible for state unemployment insurance benefits.  The CARES Act states that "the Secretary shall provide to any covered individual unemployment benefit assistance while such individual is unemployed, partially employed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation. . . ."

3

15 U.S.C. § 9021(b).  "Covered individuals" are, in relevant part, those individuals who are not eligible for certain other compensation or benefits, and who are otherwise able to and available for work under state law, but are unemployed, partially unemployed, or unable or unavailable to work for certain designated reasons relating to the COVID-19 pandemic.  15 U.S.C. § 9021(a)(3).

The CARES Act distributes PUA benefits through states, requiring that: "[t]he Secretary shall provide the assistance authorized under subsection (b) through agreements with States which, in the judgment of the Secretary, have an adequate system for administering such assistance through existing State agencies, including procedures for identity verification or validation and for timely payment, to the extent reasonable and practicable." 15 U.S.C. § 9021(f)(1).  The amount of unemployment compensation paid by a state for individuals such as Plaintiffs, who are or were allegedly unemployed due to the COVID-19 pandemic, is "computed under the provisions of applicable State law," 20 C.F.R. § 625.6(a), and increased by a weekly payment of either $600 or $300, depending on the time period of the unemployment, 15 U.S.C. § 9023(b)(3)(A).  15 U.S.C. § 9021(d)(2).  States are in turn reimbursed for the assistance they provide and for administrative expenses.  Id. § 9021(f)(2).

On March 28, 2020, Defendant Serna, acting as the designee of the Governor on behalf of the state of Texas, entered into an agreement with DOL to pay PUA to unemployed Texans through the TWC. (Dkt. # 12-1.) In the agreement, TWC agreed to administer PUA under the requirements of the Social Security Act. (Id.) In August of 2020, the TWC announced that it had begun an agency-initiated audit to identify fraudulent activity among unemployment claimants. (Dkt. # 12-2.)

On December 27, 2020, the unemployment provisions of the CARES Act, including PUA, were extended through March 14, 2021, by the Continued Assistance for Unemployed Workers Act of 2020, Pub. L. No. 116-260, §§ 201, 203-204, 206. On March 11, 2021, PUA and other benefits were further extended through September 6, 2021, by the American Rescue Plan Act of 2021. Pub. L. No. 117-2, §§ 9011, 9013-9014, 9016. On September 6, 2021, the temporary programs expired. However, prior to that date, on May 17, 2021, the Governor of Texas sent a letter to the Secretary of DOL stating that Texas would "terminate its participation in the Agreement Implementing the Relief for Workers Affected by Coronavirus Act, effective June 26, 2021." https://gov.texas.gov/uploads/ files/press/O-WalshMartin202105171215.pdf. The Governor asserted that "these unemployment benefits [are] no longer necessary." Id. He further stated that

"[t]he termination of this agreement means that Texas will opt out of . . . Pandemic Unemployment Assistance . . . ." Id.

    C.    <u>Plaintiffs' Claims</u>

Plaintiff TARU is "a membership organization composed of individuals who believe their unemployment rights have been wrongfully denied." (Dkt. #12 at 35.) TARU's "purpose is to assist Texans who believe they have been wrongfully denied the right to due process of law and other federal rights related to the receipt of unemployment benefits." (Id.) The individual plaintiffs are residents of the state of Texas who allegedly lost their employment due to the COVID-19 pandemic and received some sort of PUA assistance, but were eventually denied further PUA benefits, denied PUA backpay, or were subject to a determination of overpayment of PUA benefits.

Plaintiffs alleged four claims against Defendants pursuant to § 1983 for violations of the Social Security Act and for denial of Plaintiffs' due process rights guaranteed by the Fourteenth Amendment: (1) failing to provide notice and an opportunity to be heard to audited claimants; (2) untimely redetermining eligibility for audited claimants; (3) failing to provide timely first-level appeals; (4) failing to provide determinations and notices of waiver of overpaid CARES Act benefits; and (5) failing to provide adequate notice of adverse determinations. (Dkt. # 12.)

On March 22, 2023, the Court dismissed Plaintiffs' claims for violations of the Social Security Act, finding that, upon its independent analysis of § 503(a)(1), there was nothing in the Act's language suggesting a private right of action. (Dkt. # 35 at 19–20.) The Court also determined that TARU had associational standing to bring claims on behalf of its members. (Id. at 14.) The Court further concluded that Plaintiffs had properly alleged a Fourteenth Amendment due process claim in the second count. (Id.)

Subsequent to the filing of this suit, it is apparently undisputed that the individual Plaintiffs abandoned their administrative appeals and they are no longer pursuing any additional unemployment benefits claims with the TWC. (Dkt. # 61-2 at ¶¶ 3–9, 13.) Each of the individual Plaintiffs' claims have now been resolved with the TWC, however they are still pursuing their claims in this suit. (Id.)

On March 30, 2023, Plaintiffs filed the instant motion to reconsider the Court's order dismissing their claims under § 1983 to enforce the "when due" clause of the Social Security Act. (Dkt. # 38.) On March 31, 2023, Defendant filed a response in opposition. (Dkt. # 39.) On April 6, 2023, Plaintiffs filed their reply. (Dkt. # 43.)

APPLICABLE LAW

District courts in the Fifth Circuit have considered motions to reconsider interlocutory orders under Federal Rules of Civil Procedure 59(e).  See, e.g., Solid State Storage Solutions, Inc. v. STEC, Inc., 2:11-CV-391, 2012 WL 12904107 (E.D. Tex. Sept. 27, 2012).  Under Rule 59(e), courts may reconsider their rulings when there has been: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.  In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002).  "Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  Solid State Storage, 2012 WL 12904107, at *1 (E.D. Tex. Sept. 27, 2012) (citing Texas Instruments, Inc. v. Hyundai Elecs. Indus. Co. Ltd., 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999)).  "A motion for reconsideration should not be used to raise arguments 'that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party.'"  De Leon v. Flavor & Fragrance Specialties, Inc., 6:12-CV-327, 2014 WL 12601029 at *1 (E.D. Tex. Sept. 15, 2014).

ANALYSIS

Plaintiffs urge the Court to reconsider its decision dismissing their claims under § 1983 to enforce the "when due" clause of the Social Security Act. (Dkt. # 38.) Plaintiffs assert that the Court's order is premised on an error of law because binding precedent holds that the "when due" clause creates a right to challenge state methods for administering unemployment benefits. (Id. at 2.) Plaintiffs allege that the Supreme Court's decision in Fusari v. Steinberg, 419 U.S. 379 (1975), allows the use of the "when due" clause to bring such challenges. (Id.)

The Court will not reconsider its order on this basis. The Supreme Court in Fusari did not address whether a party can bring a private right of action pursuant to § 503 of the Social Security Act. Appellees in that case "asserted that Connecticut violated the federal statutory requirement that state procedures be designed reasonably to assure the payment of benefits 'when due'"; however, they brought claims pursuant only to § 1983 and 28 U.S.C. §§ 2201, 2202, and not § 503 as alleged here. Fusari, 419 U.S. at 381–82, 382 n.5. And, in any case, the Supreme Court did not reach a decision on the statutory issue because the law had changed since the district court's factfinding, instead only determining that "Connecticut's previous system [of delivering unemployment compensation benefits] often failed to deliver benefits in a timely manner." Id. at 388–89.

Accordingly, the Court finds that Fusari does not change the Court's prior determination that:

> The "when due" provision of § 503 speaks only to the Secretary of Labor directing that "no certification for payment" shall be made "to any State" unless provisions for administration and payment have provided for "when due." § 503(a). Importantly, "nothing in § 503 suggests an individual has a private right of action to sue the State to enforce the section." Id. (citing Gonzaga, 536 U.S. at 290). This statement is further bolstered by the Supreme Court's holding that "if Congress wishes to create new rights enforceable under § 1983, it must do so in clear and unambiguous terms." Gonzaga, 536 U.S. at 287, 290 (determining that spending power provisions that speak only to the Secretary with respect to funding are "two steps removed from the interest of individual[s and do] not confer the sort of '*individual* entitlement' that is enforceable under § 1983") (emphasis in original).
>
> The Court finds that, upon its independent analysis of § 503(a)(1), there is nothing in in its language suggesting a private right of action. The Court thus agrees with the finding in Sherwood that, with spending power statutes like § 503(a)(1), the Supreme Court "reject[ed] the notion that [the] cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983." Gonzaga, 536 U.S. at 283; Sherwood, 2022 WL 408273, at *3; see also Sterling v. Feek, No. 3:22-cv-5250, 2022 WL 16699191, at *9 (W.D. Wash. Nov. 3, 2022). And, unlike Java, there is no conflicting or inconsistent state statute at issue in this case given that Plaintiffs allege only that Defendant deprived them of "notice and opportunity to be heard during audit of their claims" under § 503(a)(1). (Dkt. # 12 at 37 ¶260); Java, 402 U.S. at 135. However, § 503 "is phrased as a directive to the Secretary of Labor and says nothing about the rights of unemployment insurance beneficiaries to sue for enforcement of § 503." Sherwood, 2022 WL 408273, at *3. The Court thus concludes that § 503(a)(1) does not confer a private right of action based on the Social Security Act.

(Dkt. # 35 at 18–20.) The Court will thus deny Plaintiffs' motion to reconsider.

## CONCLUSION

Based on the foregoing, the Court will **DENY** Plaintiffs' Motion to Reconsider.  (Dkt. # 38.)

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, September 6, 2023.

_____
David Alan Ezra
Senior United States District Judge